OATLEY, APPELLANT, v. OATLEY, APPELLEE.

[Cite as Oatley v. Oatley (1977), 57 Ohio App. 2d 226.]

(No. L-77-182—Decided December 23, 1977.)

*Messrs. Britz & Zemmelman,* for appellant.
*Max Britz Co., L. P. A.,* and *Mr. Gene W. Krick,* for appellee.

BROWN, J. This is an appeal from a judgment by the Lucas County Common Pleas Court, Juvenile Division. Plaintiff-appellant filed a motion for declaratory relief seeking retroactive modification of the amount of child support he was ordered to pay for Rollie Michael, one of his minor children, pursuant to his 1972 divorce decree. The basis for the requested modification was the receipt of certain Social Security benefits by Rollie Michael by virtue of the fact that the child was handicapped.

Upon a hearing and rehearing, the court below found that the Social Security benefits received by the child did not constitute either a change of circumstances or partial emancipation, and that the plaintiff-appellant was not excused from paying the agreed-upon support. The court ordered that the amount of Social Security benefits received

by the child not be credited against the plaintiff's support obligation. Plaintiff appeals this judgment and order, assigning the following error:

"The Juvenile Court erred in refusing to modify child support for Rollie Michael Oatley by virtue of his receipt of substantial Social Security benefits."

The record indicates that pursuant to the 1972 divorce decree plaintiff agreed to pay support of $170 per month for Rollie Michael until the child reached majority or was emancipated. Rollie was born on April 16, 1956, and reached the age of 18 in 1974. However, because he was handicapped, Rollie Michael was entitled to support until he reached the age of 21 in 1977. See R. C. 2919.21. In March 1976, Rollie Michael began receiving payments in varying amounts pursuant to Subchapter XVI (supplemental security income for the aged, blind, or disabled) of the Social Security Act, Title 42, U. S. Code, Section 1381 et seq.

Plaintiff-appellant alleges that he was unaware when he agreed to the child support that Rollie Michael would be eligible to receive supplemental security income when he reached the age of 18. Plaintiff further alleges that the supplemental income received by Rollie Michael is equivalent to the child support award, and that as no increase in need was shown for Rollie Michael the support obligaton should be reduced accordingly.

We find that plaintiff is misinterpreting the relationship between his support obligation and the supplemental security income. The supplemental income payments are intended to insure a minimum level of income for persons who are over age 65, or blind, or disabled, who do not have sufficient income and resources to maintain a standard of living at the established federal minimum income level. Title 42, Section 1381, U. S. Code; 20 C. F. R., Section 416.110. The amount of supplemental income an eligible individual will receive is based on his income and resources. Title 42, Section 1381a, U. S. Code. In calculating an individual's income, if the individual is a child the support he receives from an absent parent is to be considered. Ti-

tle 42, Section 1382a(b)(9), U S. Code.* There is a redetermination of eligibility and the amount of benefits at frequent intervals. Title 42, Section 1382 (c)(1); 20 C. F. R., Section 416.222. The supplemental security income payments are intended to supplement other income, not substitute for it. The amount of supplemental security income received is modified as the amount of the recipient's other income changes, not vice versa.

Therefore, we affirm the judgment of the court below and find that the assignment of error is not well taken. The receipt of supplemental security income by Rollie Michael does not alter plaintiff's obligation to support the child or justify a modification in the amount of support paid.

*Judgment affirmed.*

CONNORS and WILEY, JJ. concur.

WILEY, J., retired, was assigned to active duty under authority of Section 6(c), Article IV, Constitution.

---

*We do not determine whether the Secretary of Health, Education and Welfare took into consideration the $170 Rollie Michael received each month in support payments in determining the amount of supplemental income to which Rollie Michael was entitled.