**In re the MARRIAGE OF Linda R. THORNTON, f/k/a Linda R. Wright, Appellee,**

**and**

**Ward F. Wright, Appellant.**

**No. 89CA1750.**

Colorado Court of Appeals, Div. IV.

Nov. 23, 1990.

Bowman and Samelson, P.C., Bill Bowman, Colorado Springs, for appellee.

M. Flynn Feeney, Colorado Springs, for appellant.

Opinion by Judge DAVIDSON.

Ward F. Wright (father) appeals the order increasing his child support obligation. His principal contention of error is that the court abused its discretion in applying the child support guidelines to this case since, as a result of the amount of support calculated, the parties' dependent child would no longer be entitled to receive public assistance benefits, such as social security, food stamps, and medicaid. We reject this contention and, therefore, affirm.

The facts are undisputed. The parties were married in 1963 and their marriage was dissolved in 1969. One child was born of the marriage. Although she has reached the age of 21, the parties have agreed that their daughter's congenital heart disease renders her physically inca-

pacitated to such a degree that she is unable, at the present time, to be gainfully employed and, therefore, is incapable of supporting herself. The parties also agreed that they owe a continuing duty of support to their daughter until such time as she is capable of self-support.

From 1968 to February 1983, father paid $80 per month child support. In 1983, the child support obligation was increased to $200 per month by agreement of the parties. In response to the motion for modification of child support filed in 1988 by Linda R. Thornton (mother), the parties stipulated to the calculation of support under the child support guidelines. The basic child support obligation currently amounts to $705 per month based on father's monthly gross income of $4,050 and mother's income of $2,124. Father's support obligation is therefore approximately $465 per month.

The parties acknowledged that their daughter was currently receiving supplemental social security income (S.S.I.) and other social services assistance in the total sum of $167.34 per month. They also agreed that, if the daughter were living on her own, she would be entitled to $368 per month from S.S.I. and might be eligible for additional benefits, such as medicaid, food stamps, rental allowance, LEAP assistance, and location and rehabilitation services. On the other hand, if support payments were to increase to $312 per month, the S.S.I., medicaid, and other federal and state benefits would cease to be available.

This matter was submitted to the trial court upon cross-motions for summary judgment on the stipulated facts. The trial court concluded that the obligation of support remains with the parties and eligibility for public support for the needy disabled, such as S.S.I., food stamps, and medical benefits, would not be considered as income available to the daughter. Since the eligibility for benefits here was based upon the daughter's disability, the court concluded that support would be determined without any adjustment for the S.S.I. payments or other potential public benefits. It further ordered that father was responsible for 65% of any uninsured medical expenses of the child.

Before the trial court, and again on appeal, father asserts that the court erred in failing to allocate the S.S.I., disability benefits, and other potential available benefits as income to the daughter under the child support guidelines. Alternatively, he urges us to rule that the presumptive amount of support is rebutted by the fact that a support order at that level would cut off the daughter's S.S.I., medicaid, and other federal, state, and local benefits and, therefore, would not be in her best interests. We disagree.

As a matter of law, the trial court may not initially refuse to apply the child support guidelines. *In re Marriage of Greenblatt*, 789 P.2d 489 (Colo.App.1990). It has the discretion to deviate from the guidelines where justified, provided it makes appropriate findings. *See In re Marriage of English*, 757 P.2d 1130 (Colo. App.1988). Nevertheless, the hardship which results solely from application of the guidelines is insufficient, absent other unusual or unique financial circumstances, to justify deviation from the presumptive amount of support. *In re Marriage of Nielsen*, 794 P.2d 1097 (Colo.App.1990).

Section 14–10–115(13), C.R.S. (1987 Repl.Vol. 6B) provides for extraordinary adjustments to the amount of child support calculated by application of the guidelines. As pertinent here, § 14–10–115(13)(b), C.R.S. (1987 Repl.Vol. 6B) provides that: "Any additional factors that actually diminish the basic needs of the child *may* be considered for deductions from the basic child support obligation." (emphasis added) *See In re Marriage of Kluver*, 771 P.2d 34 (Colo.App.1989). This section, by its plain language, does not require an automatic adjustment but rather vests in the trial court the discretion to determine if an adjustment on account of a child's financial resources is appropriate.

This is consistent with case law prior to the adoption of the guidelines. *See In re Marriage of Meek*, 669 P.2d 628 (Colo.App. 1983) (child's entitlement to social security survivor's benefits is a relevant circumstance for the court to consider, but does not divest the trial court of its discretion);

*In re Marriage of Robinson,* 651 P.2d 454 (Colo.App.1982) (social security disability and retirement benefit payments for minor children may be credited toward father's obligation to pay support); *see In re Marriage of Wolfert,* 42 Colo.App. 433, 598 P.2d 524 (1979) (if the parents are able to meet their support obligations, the court may order that other payments made to the children not be used to reduce the legal obligation of support).

■ Here, the basic needs of the daughter were not reduced by the public assistance benefits which were available to her. Indeed, those benefits only remain available if the daughter is without other sources of support. They are, therefore, only paid as a substitute means to provide for the basic needs of a disabled child who is unable adequately to provide for his or her own needs and is not dependent on another to meet those needs.

■ As father argues, since the support paid here exceeds the sum of $312 per month, the daughter will lose these other benefits. Hence, they do not actually reduce the daughter's actual expenditures. Therefore, we agree with the trial court that to order the daughter to be placed in a position of poverty merely to qualify for S.S.I. and other benefits is untenable.

■ We conclude, then, that the trial court did not abuse its discretion in declining to include the public support, such as S.S.I., food stamps, and medicaid, as income available to the daughter under § 14–10–115(13)(b). Such payments represent gratuitous contributions from governmental agencies and do not reduce the parent's duty to provide support. *See generally Abrams v. Connolly,* 781 P.2d 651 (Colo.1989). Further, they are intended to supplement other income, not to substitute for it. *Oatley v. Oatley,* 57 Ohio App.2d 226, 387 N.E.2d 245 (1977).

Order affirmed.

CRISWELL and MARQUEZ, JJ., concur.