■ In the Matter of GREGORY S. HOLLISTER, Appellant, v CAROL J. WHALEN, Respondent. [663 NYS2d 918] —Carpinello, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered September 24, 1996, which partially dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify a prior support order.

Petitioner sought a modification of his child support obligation pursuant to an order of joint custody on the ground that both children primarily reside with him. Family Court granted petitioner's application and suspended petitioner's child support obligation. On appeal, petitioner argues, *inter alia*, that Family Court erred in failing to order that Social Security disability benefits received by the children be paid to him, as their primary care giver, and in failing to award him the children's savings account funds in order to improve their standard of living. We find petitioner's argument to be without merit.

The children receive monthly Social Security disability benefits due to petitioner's disability. A few years ago they received a lump-sum retroactive disability payment, of which approximately $14,200 remains in a savings account established by respondent for their benefit. Petitioner receives $31,204 annually from his own municipal and Social Security disability benefits, whereas respondent earns an annual income of $4,000 to $5,000 as a school bus driver.

It is well settled that a child's Social Security benefits are the property of the child and do not diminish a parent's obligation of support (*see, Matter of Graby v Graby*, 87 NY2d 605, 611-612). A child's assets should be considered by the court after the basic support obligation is calculated and only then if the child support determination is found to be unjust or inappropriate pursuant to Family Court Act § 413 (1) (f) (*see, id.*, at

611). Here, petitioner's weekly child support payments have been terminated; thus, no finding was made that his "support obligation" was unjust or inappropriate. Under these circumstances, we find no error in Family Court's refusal to award petitioner the balance of the children's savings account or to direct that the children's benefits be paid to him.

Finally, we find no error in Family Court ordering respondent to file a petition for letters of guardianship in order for her to act in a fiduciary capacity in managing the children's property (*see*, SCPA 1701 *et seq.*).

Crew III, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.