**STATE of Missouri, ex rel. DEPARTMENT OF SOCIAL SERVICES DIVISION OF CHILD SUPPORT ENFORCEMENT, and Wendy Kost, Respondent,**

v.

**Danny KOST, Appellant.**

**No. WD 54162.**

Missouri Court of Appeals,
Western District.

March 10, 1998.

Barbara L. Teeple, Sedalia, for appellant.

Michael S. Kisling, Department of Social Services, Jefferson City, for respondent.

Before ULRICH, C.J., and HANNA and HOWARD, JJ.

ULRICH, Chief Judge.

Danny Kost appeals from the decision of the trial court setting his monthly child support payment at $612.07. As his sole point on appeal, Mr. Kost contends that the trial court erred in ordering him to pay the Form 14 child support amount where the Form 14 did not account for the supplemental security income (SSI) benefits received by the parties' disabled child and where his support obligation when added to the SSI benefits exceeded the children's combined child care expenses on the Form 14. The decision of the trial court is affirmed.

### FACTS

Danny Kost ("Father") and Wendy Kost ("Mother") were granted a dissolution of marriage on July 27, 1992. Mother was granted custody of the two minor children born of the marriage, and Father was ordered to pay $101.00 per child per month as child support. The Division of Child Support Enforcement filed a Motion for Modification of Child Support on behalf of Mother on August 15, 1995. The Form 14 filed with the

court set Father's presumed child support obligation at $612.07. In accordance with the instructions for completing the Form 14, Mother did not include in her gross income the SSI benefits received by their minor child, Cory, due to his having Down's syndrome.[1] Cory receives monthly SSI benefits of $328.67.

An administrative child support order was entered on January 18, 1996, setting Father's child support obligation at $612.07. Father filed a petition for judicial review of the administrative order. Father argued that he should receive a credit on his child support obligation for the SSI benefits received by Cory. The circuit court found on January 16, 1997, that the child support guidelines were not followed in computing the Form 14 because the SSI benefits paid for Cory's benefit were not considered. The court ordered a trial de novo.

The circuit court conducted a hearing on February 19, 1997. Mother testified that Cory requires extensive medical treatment and needs medical care at least once a month for ailments related to Down's syndrome. Mother stated, however, that Cory had not seen a doctor since September 1996. Mother further testified that Cory also has special educational needs. Although Cory attends public schools, Mother was required to purchase Cory a desk and must routinely purchase additional books and puzzles to help him learn to count and read. In the last year, Mother spent $1,000 on these additional supplies. Based on this evidence, the trial court accepted Mother's Form 14 and ordered Father to pay $612.07 per month as child support, the presumed child support determined by Mother's completed Form 14. This appeal followed.

## FATHER IS NOT ENTITLED TO A CREDIT ON HIS CHILD SUPPORT OBLIGATION FOR THE SSI BENEFITS RECEIVED BY THE PARTIES' DISABLED CHILD

As his sole point on appeal, Father contends that the trial court erred by ordering him to pay the Form 14 presumed child support amount where the Form 14 did not account for the SSI benefits received by the parties' disabled child and where Father's support obligation when added to the SSI benefits exceeded the children's combined child care expenses reflected by the Form 14.

■ The purpose of child support is to provide for the needs of the children born to the union of the parties. *Weaks v. Weaks,* 821 S.W.2d 503, 505 (Mo. banc 1991); *State ex rel. Division of Family Services v. Ruble,* 684 S.W.2d 949, 950 (Mo.App.1985). In determining the proper amount of child support, the trial court balances the needs of the children and the ability of the noncustodial parent to pay. *Weaks,* 821 S.W.2d at 505; *Wise v. Crawford,* 695 S.W.2d 487 (Mo.App. 1985). Factors that the trial court must consider include the financial resources and needs of the children and parent. Rule 88.01. "There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administration proceeding for ... child support." Rule 88.01. That presumption is rebutted where a party makes a showing that the presumptive child support award "is unjust or inappropriate." Rule 88.01.

The trial court ordered Father to pay $612.07, the presumptive amount of child support calculated pursuant to the court adopted Form 14. Father argues, based on *Weaks v. Weaks,* 821 S.W.2d 503 (Mo. banc 1991), that the presumptive child support amount was unjust and inappropriate because it did not account for the SSI benefits received by Cory. In *Weaks,* the Missouri Supreme. Court held that a father was entitled to credit on his child support obligation for the social security disability benefits received by him and his three children for the father's disability. *Id.* at 505. The court

1. The directions for completion of Form 14 state, "[e]xclude from gross income the following: aid to families with dependent children (AFDC) payments; medicaid benefits; *supplemental security income (SSI) benefits;* food stamps; general as-sistance benefits; other public assistance benefits having eligibility based on income; and child support received for other children." (emphasis added).

noted that social security disability benefits paid to the custodial parent for the benefit of the minor children were analogous to an insurance police with a private carrier in that "a father insures against his possible future disability and loss of gainful employment by providing for the fulfillment of his moral and legal obligations to his children." *Id.* (quoting *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649, 653 (1975)). The court concluded that "[t]he benefits [the mother] received on behalf of the children were a substitute for [the father's] income and therefore should be credited to satisfy his support obligation." *Id.* at 507; **accord** *In re Marriage of Amos*, 843 S.W.2d 946, 955 (Mo.App.1992).

Father's reliance on *Weaks* is misplaced, however, because Cory's SSI benefits are not premised upon Father's future employment and they do not substitute for the father's loss of earnings or support. Only a few states have addressed the issue presented here. The majority of jurisdictions hold that a parent is not entitled to a credit in his child support obligation for SSI benefits received on behalf of a disabled child. *See Hollister v. Whalen*, 663 N.Y.S.2d 918, 918 (1997); *Bennett v. Commonwealth of Virginia,* 22 Va. App. 684, 472 S.E.2d 668, 673 (1996); *Kyle v. Kyle*, 582 N.E.2d 842, 846 (Ind.App.1991); *In re Marriage of Thornton*, 802 P.2d 1194, 1196 (Colo.App.1990); *Oatley v. Oatley,* 57 Ohio App.2d 226, 387 N.E.2d 245, 246 (1977).

A good example of the approach utilized by the majority of the courts that have addressed this issue is expressed in *Kyle v. Kyle*, 582 N.E.2d 842 (Ind.App.1991). In *Kyle,* the mother petitioned for modification of the father's child support obligation for the parties' two children. *Id.* at 844. In setting the father's child support obligation, the trial court adhered to the child support guidelines and did not grant the father credit for the SSI benefits received by the parties' disabled child. *Id.* The appellate court rejected the father's argument that he was entitled to credit on his child support obligation because the mother received SSI benefits on behalf of their disabled child. *Id.* The court noted, that "[t]he Supplemental Security Income Program, Title XVI of the Social Security Act, is a social welfare program for the aged, blind, and disabled. Eligibility is based on

need: SSI is paid to families of disabled children qualifying under the Act to ensure that the recipient's needs are met at a subsistence level.." *Id.* at 846 (citing **42 U.S.C. § 1382c(a)(1) (1990)**). Congress included disabled children under the SSI program in the:

> belief that disabled children who live in low-income households are certainly among the most disadvantaged of all Americans and that they are deserving of special assistance in order to help them become self-supporting members of our society. Making it possible for disabled children to get benefits under this program if it is to their advantage, rather than under the programs for families with children, would be appropriate because their needs are often greater than those of nondisabled children.

*Id.* Because Congress determined that disabled children generally have greater needs than nondisabled children and granted SSI benefits to help families with disabled children achieve parity with families without disabled children, the court concluded that SSI benefits received for a disabled child "are intended to supplement other income, not substitute for it." *Id.* Accordingly, the court held the noncustodial parent's child support obligation was not impacted by the receipt of SSI on the behalf of a disabled child. *Id.*

The rationale dictates adoption of this legal principle as law in Missouri. Deviation from the presumptive child support amount requires a finding by the trial court that the presumptive amount determined utilizing the Form 14 "is unjust or inappropriate." **RULE 88.01**. Rule 88.01 allows the trial court to consider the child's financial resources when considering the appropriate child support award. Where a child has independent financial assets, the child's need for financial support from his parents may be lessened and, hence, the contributing party's support obligation should accordingly be diminished. SSI benefits, however, do not lessen the child's need for financial support from his parents. In contrast to social security benefits awarded to a child due to the contributing parent's disability as in *Weaks,* SSI benefits awarded to a disabled child are

not intended to replace any lost income. Instead, SSI benefits are granted to provide parents of disabled children additional funds to offset the additional financial burden incumbent with children who are physically or mentally disabled. In calculating the amount of supplemental income an eligible child will receive, the support a child receives from his parents is considered. *Oatley*, 387 N.E.2d at 246 (citing 42 U.S.C. § 1381a (1973)). The eligibility and the amount of benefits is redetermined at frequent intervals to account for fluctuations in the income of the parents. *Id.* The SSI payments are, therefore, intended to supplement other income not substitute for it. *Id.* The amount of supplemental security income received is modified as the amount of the recipient's other income changes. *Id.*

The monthly SSI benefits received for Cory do not diminish the child support contribution required by the non-custodial parent for his care. The presumptive child support amount did not reflect the additional educational and medical needs required for Cory due to his Down's syndrome. Cory's additional educational needs alone amount to $1,000 a year. Additionally, Cory requires extensive medical treatment and needs medical care at least once a month for ailments related to his Down's syndrome. The SSI award represents an additional amount of income necessary to defray a portion of these medical and educational expenses. In calculating Cory's SSI benefits, the amount of child support received by Cory was considered as were Mother and Father's financial resources. Because the SSI award represents a portion of the additional income necessary to care for Cory's Down's syndrome and does not diminish the amount of financial support he requires from his parents, the presumptive child support amount was neither unjust nor inappropriate. The trial court, therefore, did not err in ordering Father to pay the presumptive amount of child support, $612.07. The point is denied.

The judgment of the trial court is affirmed.

All concur.