This appeal is brought by Ann Paton, (n.k.a. Ann Saxton), from a judgment of the Court of Common Pleas of Allen County modifying child support. The issue presented for the court's determination is whether supplemental security income benefits received by the child constitute a financial resource of the child which may justify a deviation in the child support worksheet. We find as a matter of law that it is not.
On June 9, 1998, the Allen County Child Support Enforcement Agency filed a "Motion For Review Of Child Support, Determination Of Arrearages, Lump Sum Judgment, Wage Withholding," in a case involving Ann Saxton and Michael Paton. Saxton, Appellant, is the residential parent of the parties' only minor child, Michelle. Michelle is mentally disabled and receives supplemental security income benefits. On August 12, 1998, a hearing was held on the child support motion wherein the parties testified about their income and expenses. From the magistrate's decision modifying child support, Appellant filed objections challenging the magistrate's inclusion of supplemental security income benefits received by Michelle in the basic child support worksheet and the resulting deviation from the child support guidelines. The trial court overruled these objections and a final order modifying child support in accordance with the magistrate's recommendation was filed on October 5, 1998.
Appellant now appeals this judgment and sets forth the following assignment of error:
 The trial court erred when it overruled the Plaintiff/Appellant's objections to the Magistrate's decision and failed to modify child support obligations.
R.C. 3113.215(B)(1) requires a trial court to calculate the amount of an obligor's child support obligation in accordance with the child support guidelines set forth in R.C.3113.215(D),(E) and (F). R.C. 3113.215(B)(1) provides that the amount calculated using the guidelines is rebuttably presumed to be the correct amount of child support. A trial court may deviate from the basic child support schedule if after considering the statutory criteria in R.C. 3113.215(B)(3)(a) through (p), the court determines that the amount calculated, according to the guidelines, would be unjust or inappropriate and not in the best interest of the child. R.C. 3113.215(B)(3).
The statutory criterion considered by the trial court in determining whether to deviate from the basic child support schedule herein was that provided in R.C. 3113.215(B)(3)(f). Therein it is provided that the court may consider the financial resources and earning ability of the child in deciding whether to deviate from the guideline amount.
The parties' minor child in this case receives supplemental security income benefits in the amount of $387 a month ($4,644 a year), due to a mental disability. The trial court considered these benefits to be financial resources of the child, which justified a deviation from the basic child support schedule. Under the basic support schedule, the combined annual child support obligation for the parties totaled $6,676. From this figure, the trial court subtracted the yearly amount of supplemental security income benefits received by the child, which left a remaining support obligation of $2,032 to be paid by the parties according to their proportional share of the total family income. Appellee earned 70% of the total income of the parties; thus, the trial court determined his child support obligation to equal $66.50 per month.
Appellant claims that it was error for the trial court to consider the supplemental security income benefits received by their minor daughter as a result of her disability when filling out the worksheet. Appellant argues that such income is meant to supplement the child's income and should not be used to reduce the parties' financial obligation of support.
As a threshold matter, we note that the trial court in this case failed to journalize findings of fact supporting its deviation from the basic support schedule in accordance with R.C. 3113.215(B)(1)(b) and (B)(2)(c). Although it is clear that the court considered the child's resources and earning ability pursuant to R.C. 3113.215(B)(3)(f) when modifying support, there is no indication in the judgment entry that the court made the requisite factual findings that the amount calculated according to the guidelines would be unjust or inappropriate and not in the best interest of the child. R.C.3113.215(B)(1)(b), (2)(c), and (3). Nor is it obvious to this court that the record supports such a finding.
Turning to the merits of this appeal, we find the type of benefits received by Michelle as a result of her disability should not be considered when determining the support obligation of her parents. To do so defeats the purpose behind supplemental security income benefits, and it also interferes with the eligibility guidelines of the social security laws.
These factors were recognized in Oatley v. Oatley (1977),57 Ohio App.2d 226. While we acknowledge that Oatley is a pre-guideline case, the analysis of the federal social security law pertaining to supplemental security income contained therein, remains unaffected by subsequent changes made in Ohio's child support law. We therefore find Oatley to be applicable to the instant case.
In Oatley, the plaintiff claimed that supplemental security income received by his handicapped child was equivalent to a child support award and that, consequently, his child support obligation should be modified to reflect a decreased support obligation. The court in Oatley found that the plaintiff:
 [Misinterpreted] the relationship between his support obligation and the supplemental security income. The supplemental income payments are intended to insure a minimum level of income for persons who are over age 65, or blind, or disabled, who do not have sufficient income and resources to maintain a standard of living at the established federal minimum income level. Title 42, Section 1381, U.S. Code; 20 C. F. R., Section 416.110. The amount of supplemental income an eligible individual will receive is based on his income and resources. Title 42, Section 1381a, U.S. Code. In calculating an individual's income, if the individual is a child the support he receives from an absent parent is to be considered. Title 42, Section 1382a(b)(9), U.S. Code. There is a redetermination of eligibility and the amount of benefits at frequent intervals. Title 42, Section 1382(c)(1); 20 C. F. R., Section 416.222.
Id. at 227-228. The sections of the U.S. Code cited by the court in Oatley accurately characterize the state of 42 U.S.C. § 1381
et seq. today.
In accord with Oatley, the Fourth District Court of Appeals in Powell v. Powell (1996), 111 Ohio App.3d 418, has also ruled that the trial court did not abuse its discretion in refusing to consider supplemental security income benefits, paid by the government to a child, after the child's majority, due to the child's disability and need, as a set off against the child support obligations of the parents. The court in Powell
observed that:
 * * * payments made directly to the child based on the obligor's work history and earnings should be credited to the support obligation, while payments based on need and intended to supplement, not replace, income from other sources are not credited. Compher v. Nickolich (Mar. 4, 1987), Summit App. No. 12764, unreported, 1987 WL 7771; Justice v. Justice (June 24, 1987), Licking App. No. CA-3250, unreported, 1987 WL 13472; Adkins v. Adkins (Apr. 21, 1989), Wood App. No. WD-88-30, unreported, 1989 WL 38211.
[Emphasis added.] Id. at 423.
Clearly, supplemental security income benefits received by the minor child in this case are based on need. Under the federal criteria, all income and resources of the child, including the support payments made by an absent parent, are taken into account when determining the individual's eligibility (or need) for government assistance. 42 U.S.C. § 1382a
and 1382a(b)(9). If the total income and resources available to a disabled person is below the established federal minimum, the individual is eligible for federal assistance or supplemental security income benefits in order to bring their standard of living up to the federal minimum level. 42 U.S.C. § 1382aet seq. Thus, to discount a parent's support obligation (which by federal law is taken into consideration when determining eligibility in the government program) by the amount of supplemental security income benefits would frustrate the purpose of the federal law by pushing the child's standard of living back below the federal minimum. The supplemental income would be of no benefit to the child since she would end up receiving the same amount of money for her care with government assistance, as she would have received without it. Moreover, it would further lower the child's income level and proportionately increase her need for additional federal assistance. To the contrary, "[s]upplemental security income payments are intended to supplement other income, not substitute for it." Oatley, 57 Ohio App.2d at 228.
It seems to this court that parents have the primary duty to support their children to the extent that they are able. To the extent that they are unable, and the child's standard of living falls below the federal minimum, only then should the government's resources be distributed for the benefit of an eligible child in the form of supplemental security income benefits. In order not to pervert the intent and interfere with the execution of federal supplemental security income laws, "[t]he amount of supplemental security income received [should be] modified as the amount of the recipient's other income changes, not vice versa." Id.
Based on the foregoing, we find as a matter of law that supplemental security income benefits should not be used to decrease the parent's support obligation. We find that the trial court erred when it allowed the set off and we reverse its modification of child support. On remand, the trial court is instructed to recalculate the parties' child support obligation without allowing for a set off of the child's supplemental security income benefits.
This court would further point out that the instant case is distinguishable from cases involving social security benefits received by a child due the disability, retirement, or death of a parent. In varying ways, such benefits have been considered by courts when determining the child support obligations of the parents. See, generally, Pride v. Nolan (1987), 31 Ohio App.3d 261; McClure v. McClure (Sept. 27, 1996), Greene App. No. 95-CA-86, unreported; Previte v. Previte (1994), 99 Ohio App.3d 347; McNeal v. Cofield (1992), 78 Ohio App.3d 35, 41; Carpenterv. Reis (1996), 109 Ohio App.3d 499, 506-507. The rationale used in many of these cases for considering the social security benefits is founded on:
 * * * the fact that the parent or obligor or obligee has, throughout his or her working life, contributed by means of wage deductions and the benefits were, therefore, in effect, earned by that individual. In other words, the benefit is viewed as a kind of insurance benefit accruing to the child because the parent paid the insurance premiums.
Carpenter, 109 Ohio App.3d at 505, citing Miller v. Miller
(Alaska 1995), 890 P.2d 574, 576-577. Those cases are distinguishable from the need based supplemental security income benefits discussed in this case. Hence, we refrain from commenting on whether these other types of social security benefits should or should not be considered in the basic child support worksheet.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.
Judgment reversed, cause remanded.
HADLEY and SHAW, JJ., concur.