OPINION
{¶ 1} Appellants Paul and Christine Caravano appeal the May 26, 2004 Judgment Entry entered by the Fairfield County Court of Common Pleas, Juvenile Division, which ordered them to pay child support for their two adopted children who were no longer in their custody. Appellee is the Fairfield County Child Support Enforcement Agency ("the Agency").
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellants are the adoptive parents of Holly Caravano (DOB 6/27/85) and Shawn Caravano (DOB 12/23/86), both of whom have special needs. On September 5, 2002, in Case No. 2001-DL-589, the trial court placed Holly in the custody of the Fairfield County Department of Children's Services ("FCDCS"). The trial court ordered the parents to provide financial information for the calculation of support. Subsequently, on April 3, 2003, the trial court placed Shawn in the custody of FCDCS pursuant to a dependency finding. Until April, 2003, appellants received a $250/month adoption subsidy for each child. This subsidy has now been redirected to FCDCS.
 {¶ 3} On May, 20, 2003, the trial court conducted a hearing on the issue of child support. The trial court issued findings of fact and conclusions on law via Judgment Entry filed May 26, 2004. The trial court specifically found appellants were voluntarily unemployed and/or underemployed. Paul Caravano, a chemical engineer, took an early retirement from American Electric Power at the end of 2002, through a buy out plan. Christine Caravano, also a chemical engineer, worked full-time from 1989, to 1997, parttime during 1998, and then ceased working. In 2003, Christine worked a seasonal parttime job at the rate of $6.50/hour. The trial court noted it was not bound by appellants' subjective decision to retire, citing Rock v. Cabral (1993),67 Ohio St.3d 108. The trial court imputed an income of $106,461 to Paul Caravano for guideline support purposes. The trial court imputed an income of $25,000 for Christine Caravano for guideline purposes. Based upon the findings, the trial court ordered Paul to pay support in the amount of $932.34/month, effective September 5, 2002, for the support of Holly Caravano. Effective February 13, 2003, Paul was ordered to pay support in the amount of $677.35/month/child for the support of Holly and Shawn. Paul's support for Holly terminated on July 29, 2003, when she became emancipated. The trial court ordered Christine Caravan to pay $294.34/month for the support of Holly, effective September 5, 2002. Effective February 13, 2003, Christine was required to pay support in the amount of $208.24/month/child for the support of Holly and Shawn. Christine's support obligation for Holly also terminated on July 29, 2003. The trial court further ordered appellants to provide health insurance coverage for Shawn.
 {¶ 4} Appellants claim they did not receive the May 26, 2004 Entry until June 4, 2004. Appellants filed a Request for Finding of Facts Pursuant to Civ. R. 52 on June 15, 2004. Appellants also filed a Motion for a New Trial on June 22, 2004. On June 24, 2004, appellants filed a Notice of Appeal.
 {¶ 5} Appellants raise the following assignments of error:
 {¶ 6} "I. The court errored [sic] when it issued the judgment entry filed May 26, 2004, because the court had counsel for the csea write the decision and file. counsel for appellants did not participate in this process, nor was given notice and did not receive this entry until after it was mailed on june 4, 2004. this was a denial of appellants right to have assistance of counsel and a denial of due process under the vi andxiv amendments of the united states constitution.
 {¶ 7} "II. The court errored [sic] in not allowing consideration of the $250.00 per month per child adoption assistance received in consideration of the monthly child support obligation to be paid by appellants and therefore committed an abuse of discretion.
 {¶ 8} "III. The trial court errored [sic] in finding the appellants voluntarily unemployed and underemployed with no evidence to support this claim and therefore committed an abuse of discretion.
 {¶ 9} "IV. The court errored [sic] in finding a specific amount the appellant would be able to earn with no evidence to support this claim and therefore committed an abuse of discretion.
 I {¶ 10} In their first assignment of error, appellants contend they were denied effective assistance of counsel and due process because the trial court requested counsel for the Agency prepare the May 26, 2004 Judgment Entry. We disagree.
 {¶ 11} Appellants cite Article VI of the United States Constitution in support of their assertion they were denied effective assistance of counsel. Article VI only requires effective assistance of counsel in criminal cases. Appellants cite no authority to support such a right exists in civil cases such as the case sub judice. We find no such right exits.
 {¶ 12} Accordingly, this portion of appellants' first assignment is overruled.
 {¶ 13} Appellants also assert a due process violation in the manner in which the May 26, 2004 Judgment Entry was prepared and filed. Appellants cite Shapiro v. Shapiro (1992), 83 Ohio App.3d 744, in support of their argument. Upon our review of Shapiro, we find it has no application to the situation presented herein.
 {¶ 14} Appellants further contend the fact the trial court signed the judgment entry, which was prepared and submitted by counsel for the Agency, without giving them the opportunity to be heard violated their due process rights. We disagree.
 {¶ 15} Appellants were afforded their due process through the notice and opportunity to be heard at the May 20, 2003 hearing. Upon completion of the hearing, the matter was ready for the trial court to determine. No further notice to either party was necessary or required. We find no prohibition against the trial court's ordering the prevailing party to submit a proposed judgment entry for the court's approval. Indeed, we believe such is a common practice. It is the trial court which ultimately decides whether to approve, modify, or discard the proposed entry. Appellants have offered no authority to support their assertion this practice violates due process, and this Court is not aware of any such authority. Accordingly, we find appellants' due process rights were not violated.
 {¶ 16} Appellants' first assignment of error is overruled.
 II {¶ 17} In their second assignment of error, appellants contend the trial court erred in failing to reduce their support obligation by the $250/month/child adoption subsidy which FCDCS was receiving. In support of their position, appellants rely on McNeal v. Cofeld (1992),78 Ohio App.3d 35, in which the Tenth District Court of Appeals found "it may be equitable to adjust the child support need by the amount of Social Security benefits received by the child."
 {¶ 18} The Agency relies on Patton v. Patton (2001), 91 Ohio St.3d 94, in which the Ohio Supreme Court found, "[s]upplemental security income benefits received by a disabled child do not constitute a financial resource of the child pursuant to R.C. 3113.215(B)(3)(f) for purposes of justifying a trial court's deviation from the basic child support schedule." Id. at syllabus.
 {¶ 19} The Patton Court explained:
 {¶ 20} "While we do not dispute that SSI benefits are arguably a financial resource of a recipient, we do not believe that SSI benefits are the type of `financial resource' that justifies a trial court's decision to deviate from the basic child support schedules.
 {¶ 21} "`The basic purpose underlying the supplemental security income program is to assure a minimum level of income for people who are * * * disabled and who do not have sufficient income and resources to maintain a standard of living at the established Federal minimum income level.' Section 416.110, Title 20, C.F.R * * * The amount of SSI an eligible individual receives is determined based upon the individual's income and resources. Id. If the recipient of SSI is a child who receives child support, the amount of child support received from the absent parent must be taken into account when determining the amount of SSI the child will receive. Section 1382a(b)(9), Title 42, U.S.Code. * * *
 {¶ 22} "A majority of jurisdictions that have addressed this issue hold that `a parent is not entitled to a credit in his [or her] child support obligation for SSI benefits received on behalf of a disabled child.' State ex rel. Dept. of Social Serv. Div. of Child SupportEnforcement v. Kost (Mo.App. 1998), 964 S.W.2d 528, 530, citing Hollisterv. Whalen (1997), 244 A.D.2d 650, 663 N.Y.S.2d 918; Bennett v. Virginia
(1996), 22 Va.App. 684, 694-695, 472 S.E.2d 668, 673; Kyle v. Kyle
(Ind.App. 1991), 582 N.E.2d 842, 846; In re Marriage of Thornton
(Colo.App. 1990), 802 P.2d 1194, 1196; and Oatley v. Oatley (1977),57 Ohio App.2d 226, 11 O.O.3d 260, 387 N.E.2d 245. According to one court, `Congress included disabled children under the SSI program in the "belief that disabled children who live in low-income households are certainly among the most disadvantaged of all Americans and that they are deserving of special assistance in order to help them become self-supporting members of our society.' Kyle v. Kyle, 582 N.E.2d at 846
(quoting H.R. Rep. No. 231, 92nd Cong., 2d Sess., reprinted in 1972 U.S. Code Cong. Admin. News 4989, 5133-5134).
 {¶ 23} "The factual scenario before us is quite different from one involving a child who has independent financial assets such as an inheritance or income derived from employment. While these assets may lessen a child's need for financial support from his or her parents, SSI benefits, which are unlike other types of financial resources, do not diminish a child's need for support. See Kost, 964 S.W.2d at 530. SSI benefits received by a disabled child `are intended to supplement other income, not substitute for it.' Oatley v. Oatley, 57 Ohio App.2d at 228." Id. at 96-97.
 {¶ 24} We find the same rationale applies herein. The Federal Adoption Subsidy, which was created in 1980 with the passage of Public Law96-272, mandated Public Law 96-272 become state law on or before October 1, 1982. 42 C.F.R. 671(a)(14). Ohio instituted the Title IV-E Adoption Assistance Program on November 15, 1981, with the enactment of R.C.5101.141. The adoption subsidy is provided to the adoptive parents or caregivers of children with special needs. The McNeal decision cited by appellants involved a child who was receiving social security benefits as a result of her father's retirement, not because she was disabled in any way. In the instant action, the adoption subsidy is received because Holly and Shawn are special needs children. Children with special needs require more than the "average" child. Accordingly, we find the trial court did not err in not off-setting appellants' support obligations by the amount of the adoption subsidy.
 {¶ 25} Appellants' second assignment of error is overruled.
 III, IV {¶ 26} In their third and fourth assignments of error, appellants takes issue with the trial court's finding them voluntarily unemployed and/or underemployed, and imputing income to them for child support calculation when there was no evidence in the record to support these determinations.
 {¶ 27} "Where a transcript of any proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record. Knapp v. Edwards Labs. (1980), 61 Ohio St.2d 197. We will not address the merits of these assignments of error as appellants failed to request a transcript pursuant to App.R. 9(B) or submit a statement of evidence pursuant to App.R. 9(C). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm. Id. at 199.
 {¶ 28} Because appellants failed to provide this Court with those portions of the transcript necessary for resolution of their arguments, we presume the regularity of the proceedings below and affirm pursuant to the directive set forth in Knapp, supra.
 {¶ 29} Appellants' third and fourth assignments of error are overruled.
 {¶ 30} The judgment of the Fairfield County Court of Common Pleas, Juvenile Division, is affirmed.
Hoffman, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellants.