The PEOPLE of the State of Colorado, In the Interest of A.K. and A.K., Children,

Upon the Petition of Larimer County Department of Social Services and I.P.K., Petitioners–Appellees,

and

Concerning D.K., Respondent–Appellant.

No. 02CA0554.

Colorado Court of Appeals, Div. III.

Jan. 16, 2003.

Certiorari Denied June 23, 2003.*

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S.2002.

Whether the trial court erred when it found each of Petitioner's claims required a certificate of review pursuant to Section 13-20-602 and summarily dismissed the claims without granting an opportunity to argue good cause or an extension of time to comply with the statute.

* Justice COATS would grant the Petition as to the following issue:

Whether an obligee who lives in Russia with her children can avoid or circumvent the jurisdictional and enforcement requirements of the Uniform Interstate Family Support Act, UIFSA, Section 14-5-101, et. seq., C.R.S., by simply proceeding through the County Department of Human Services for the establishment of a new child support order under Section 19-6-106, C.R.S. And, is this ruling by this division of the court of appeals inconsistent with the ruling of another division of the court of appeals in *In re the Marriage of Zinke*, 967 P.2d 210 (Colo.App. 1998).

George H. Hass, County Attorney, Sean C. McGill, Assistant County Attorney, Fort Collins, Colorado, for Petitioners–Appellees.

Frey, Korb, Haggerty & Michaels, P.C., John J. Haggerty, III, Fort Collins, Colorado, for Respondent–Appellant.

Opinion by Judge NIETO.

Father, D.K., the obligor in this action, appeals the judgment of the trial court establishing a duty of child support and arrearages. We reverse and remand.

Father and I.P.K., mother, are husband and wife. Father came to the United States in 1995, but mother and the minor children remained in Russia where they continue to reside. Father last talked with mother in 1996. The Larimer County Delegate Child Support Enforcement Unit (CSEU) initiated this action on behalf of mother to establish a duty of child support and arrearages pursuant to §§ 19–6–104 and 26–13.5–101, et seq., C.R.S.2002.

The trial court determined that it had personal jurisdiction over the parties, which is not contested, and subject matter jurisdiction. The court stated that father "has a duty of support, regardless of the fact that there is no pending or past dissolution of marriage, paternity action, dependency and neglect action, or other legal proceeding." The court also found that father acknowledged a duty of support by sending support to mother on various occasions.

The court determined that mother's total income was approximately $77 per month and that father's income was $7696 per month. No issue of imputing income to mother was raised in the trial court or on appeal. The court further found that the presumed amount of support based upon application of the child support guidelines was $1,412 per month. The court rejected father's request that it deviate from the presumed amount of support. Therefore, the court ordered child support of $1412 per month beginning February 2001 and calculated arrearages through November 2001 at $13,061.

I.

Father first contends that the trial court lacked subject matter jurisdiction to establish a child support order in this case. We disagree.

The Colorado Department of Human Services is required to establish a child support enforcement program. Section 26–13–103,

C.R.S.2002. The program must include "[t]he establishment and modification of an obligor parent's legal obligation to support his or her dependent children." Section 26–13–105(1)(a), C.R.S.2002. "Child support establishment, modification, and enforcement services under state law ... shall be provided to any person who completes a written application and pays the required fee...." Section 26–13–106(2), C.R.S.2002.

Section 26–13.5–101, et seq., is the Colorado Administrative Procedure Act for the Establishment and Enforcement of Child Support. Under that act a county CSEU can commence administrative proceedings to enforce child support on behalf of a child's custodian who applies to the unit for services. Section 26–13.5–103, C.R.S.2002.

Section 19–1–104(1)(e) and (3)(a), C.R.S. 2002, grant the juvenile court (here the trial court) exclusive jurisdiction for, among other things, support proceedings under § 19–6–101, et seq., C.R.S.2002. Section 19–6–101(1)(a), C.R.S.2002, provides that "Proceedings to compel parents ... to support a child or children may be commenced by any person filing a verified petition in the court of the county where the ... obligor parent resides...."

Father argues that § 19–6–101, et seq., applies only to children within the State of Colorado, and therefore, the trial court lacked subject matter jurisdiction to enter a support order. However, while the Children's Code may primarily protect the welfare and safety of Colorado children, nothing in § 19–6–101, et seq., requires that the child reside in this state. Rather, a "child" is defined as "a person under eighteen years of age." Section 19–1–103(18), C.R.S.2002. Further, the provisions of the Children's Code are to be liberally construed to serve the welfare of children and the best interests of society. Section 19–1–102(2), C.R.S.2002. We also note that § 26–13–105(1)(a), which authorizes child support enforcement services to any person who properly applies, does not prohibit the CSEU from providing services to persons residing outside the United States.

Father also argues that because mother and the children are nonresidents of Colorado, child support must be established under the Uniform Interstate Family Support Act (UIFSA), § 14–5–101, et seq., C.R.S.2002. While UIFSA does not appear to apply to persons who are not residents of a "state" as defined in § 14–5–101(19), C.R.S.2002, even if it does apply here, its remedies are cumulative and do not affect remedies available under other laws. Section 14–5–103, C.R.S. 2002. Therefore, mother was free to pursue remedies provided by §§ 19–6–104 and 26–13.5–101, et seq.

Thus, absent authority to the contrary, we conclude that the plain language of §§ 19–6–101 and 26–13–106 allowed the trial court to impose a duty of support on father even though mother and the children reside in Russia.

## II.

■ Father also contends that the trial court abused its discretion in declining to deviate from the amount of child support presumed by application of the guidelines in § 14–10–115, C.R.S.2002. He argues that deviation was appropriate because the children's economic circumstances in Russia are very different from those on which the guidelines are based and that the court should have focused on the children's reasonable needs rather than on his income. We agree in part.

■ The child support guidelines in § 14–10–115 establish a rebuttable presumption of the child's reasonable needs and the manner in which basic and extraordinary support is to be divided between the parents. *In re Marriage of Stress*, 939 P.2d 500 (Colo.App. 1997). These child support guidelines apply to orders entered in support proceedings under article 6 of the Children's Code. Section 19–6–106, C.R.S.2002.

■ The court may deviate from the guidelines if application would be inequitable, unjust, or inappropriate and if such deviation is supported by adequate findings. Section 14–10–115(3)(a), C.R.S.2002. However, the burden is upon the parent contesting the support order to prove that a deviation from the presumptive award is both reasonable

and necessary. *In re Marriage of Stress, supra.*

In declining to depart from the guidelines, the trial court found that the evidence presented did not support a conclusion that economic circumstances in Russia were so dissimilar to those in Colorado that reliance on the guidelines would be unreasonable or unfair. The evidence relating to the economic needs of the children came from the parties and the testimony of a witness testifying by telephone from Russia. Father had identified an expert on the political and economic situation in Russia, but he was not available at the time of the hearing. Given the complexity of comparing the economic circumstance in Colorado to those in Russia, expert testimony would have been useful.

Based on the evidence presented at the hearing, the court found that some expenses would be the same and some would be "vastly greater." It also found that what would be considered a normal lifestyle in Colorado would be significantly more expensive in Russia. Thus, we are satisfied that the court focused on the children's needs rather than on father's income.

However, our review of the record reveals that mother, who was in the best position to know the children's needs, presented detailed and itemized evidence that the children's living expenses were $1,117.00 per month. While the court relied on mother's evidence in comparing expenses in Colorado and Russia, it did not consider her evidence of the total living expenses in deciding whether deviation from the guidelines was appropriate. Also, the court did not consider that father provided and fully paid for a residence for the children, an expense that is included in the guidelines' presumptive amount for reasonable and necessary child support.

Given the difficulty in applying Colorado child support guidelines to the needs of children in Russia, we conclude that the trial court should have considered the evidence referenced above in deciding whether application of the guidelines "would be inequitable, unjust, or inappropriate." *See* § 14-10-115(3)(a). Accordingly, the child support order must be reversed, and father's request for deviation from the guidelines must be reconsidered on remand. The trial court may, in its discretion take additional evidence on this issue.

### III.

■ Finally, father asserts that the trial court erred by failing to credit him with amounts paid to mother since February 2001, as set forth in his exhibit A. We disagree.

■ Determination of the sufficiency and credibility of the evidence is within the trial court's discretion and may not be disturbed if it is supported by the record. *In re Marriage of Antuna,* 8 P.3d 589 (Colo.App.2000).

Here, the trial court acknowledged that father voluntarily sent money to his family through friends, but found that it was unable to ascertain the precise amount he paid. The payments in 2001 shown on exhibit A were made to father's emancipated daughter. Thus, we find no error in the court's refusal to grant credits to father. *See In re Marriage of Antuna, supra.* However, because we reverse the child support order, the judgment for arrearages based on that order also must be reversed and reconsidered.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge NEY and Judge KAPELKE concur.