In re the MARRIAGE OF
Brad HEIN, Appellee,

and

Amber Hein, n/k/a Amber
Farrer, Appellee,

and

Concerning El Paso County Child
Support Enforcement Unit,
Intervenor–Appellant.

No. 09CA2290.

Colorado Court of Appeals,
Div. IV.

Sept. 30, 2010.

Beltz & West, P.C., Daniel A. West, Colorado Springs, Colorado, for Appellees.

Belveal, Eigel, Rumans & Fredrickson, LLC, Donald W. Belveal, Colorado Springs, Colorado, for Intervenor–Appellant.

Opinion by Judge BOORAS.

In this post-dissolution of marriage matter, the El Paso County Child Support Enforcement Unit (CSE) appeals from the order modifying child support for the children of Amber Hein, now known as Amber Farrer (mother), and Brad Hein (father). We reverse and remand for further proceedings.

## I. Background

When mother and father dissolved their marriage in 2003, father was designated the primary residential parent for their two children and mother was ordered to pay $173 per month in child support. In 2004, however, Glynn Kay Runyan and Sidney D. Runyan (paternal grandparents) were permitted to intervene and seek parental responsibilities for the children. The children then began living primarily with paternal grandparents, who received public assistance benefits to pay for part of the children's daycare. While the children lived with paternal grandparents, mother paid child support and exercised parenting time, but father apparently did neither.

In 2008, CSE moved under sections 14–10–115, 14–10–122, and 26–13–121, C.R.S.2010,

to modify child support, contending that there was a change in circumstances warranting an upward modification of support. After a hearing, at which the trial court heard argument from the parties' attorneys but took no evidence, the court found that the presumptive amount of mother's child support under the statutory schedule was $399 per month. Because an order in excess of $245 per month would result in a loss of paternal grandparents' public daycare benefits, however, the court deviated from the presumptive amount and modified child support to $240 per month. CSE's appeal followed.

## II. Deviation from the Presumptive Amount of Child Support

■ CSE contends that the trial court abused its discretion by deviating from the presumptive amount of child support under the statute on the ground that awarding the presumptive amount would cause paternal grandparents to lose their eligibility for public daycare assistance benefits. We agree that this was not an appropriate reason to deviate from the presumptive amount of support, and we remand for reconsideration of child support. Contrary to mother's contention, the record does not indicate that the trial court deviated from the presumptive amount on the basis that father was not contributing to the children's support. Thus, we do not consider that alternative basis to support the court's order.

■ The child support schedule at section 14–10–115(7), C.R.S.2010, establishes a rebuttable presumption of the appropriate amount of child support. § 14–10–115(8)(e), C.R.S.2010; see also People in Interest of A.K., 72 P.3d 402, 404 (Colo.App.2003). A court may deviate from the presumptive amount where its application would be inequitable, unjust, or inappropriate. § 14–10–115(8)(e). The burden to prove that a deviation is both reasonable and necessary is upon the party seeking deviation. See A.K., 72 P.3d at 404–05. Any deviation must be accompanied by findings specifying both the presumptive amount of support and the reasons for deviation. § 14–10–115(8)(e); see also A.K., 72 P.3d at 404. If the trial court's

findings supporting deviation are based on valid considerations, its decision will not be disturbed on appeal absent an abuse of discretion. In re Marriage of Andersen, 895 P.2d 1161, 1164 (Colo.App.1995).

■ A trial court does not abuse its discretion by refusing to deviate from the presumptive amount of child support even though applying that amount would mean that the child would no longer be eligible for Supplemental Security Income, food stamps, Medicaid, and other government assistance. See In re Marriage of Thornton, 802 P.2d 1194, 1195–96 (Colo.App.1990). The division in Thornton held that public assistance benefits do not reduce the parents' duty to support their child, and that it would be "untenable" to place the child in a position of poverty so that she would remain eligible for such benefits. See id. at 1196.

Courts in other states have ruled similarly that child support awards should not be structured so as to ensure that the recipient remains eligible for needs-based public assistance. See Lightel v. Myers, 791 So.2d 955, 960 (Ala.Civ.App.2000); In re Marriage of Benson, 495 N.W.2d 777, 782 (Iowa Ct.App. 1992); In re Marriage of Emerson, 18 Kan. App.2d 277, 850 P.2d 942, 946–47 (1993); Oatley v. Oatley, 57 Ohio App.2d 226, 387 N.E.2d 245, 246 (1977); Nelson v. Nelson, 454 N.W.2d 533, 536–37 (S.D.1990). As explained in Oatley, which is cited with approval in Thornton, 802 P.2d at 1196, the intent of needs-based public assistance is that it is adjusted according to the amount of income available to a recipient. See Oatley, 387 N.E.2d at 246. Child support is income, and thus the amount of public assistance is properly determined after child support has been fixed and not vice versa. See id.; Paton v. Paton, 91 Ohio St.3d 94, 742 N.E.2d 619, 622 (2001) (citing Oatley and referring to reducing parental financial responsibility so that government assistance can be increased as an "unintended and absurd result"); see also Benson, 495 N.W.2d at 782; Nelson, 454 N.W.2d at 536.

Both Thornton and Oatley upheld the trial courts' refusal to deviate from the presumptive amount of support in order to ensure that eligibility for public benefits continued.

Here, in contrast, because the trial court decided to deviate downward from the presumptive amount for that purpose, we must determine whether doing so constitutes an abuse of discretion.

In *Emerson*, the Kansas appellate court reversed the trial court's decision, which like the trial court's order here, deviated downward from the · statutory child support amount in order to maintain the child's eligibility for public assistance benefits. *See* 850 P.2d at 944–45. The court held that the public benefits at issue were designed to supplement other income and resources available to the child, including child support, and that only when these other sources fall below a certain level does eligibility for public benefits attach. *Id.* at 946. Accordingly, the court held that the fact that a child is receiving public benefits is not an appropriate basis to reduce the parents' child support obligation. *Id.*

We conclude, consistent with these authorities, that the trial court abused its discretion by deviating downward from the presumptive amount of child support for the purpose of maintaining paternal grandparents' eligibility for public daycare assistance benefits.

### III.  Other Contentions

Because of our disposition, we need not reach CSE's further contentions that the tri-

al court did not specifically find that the presumptive amount would be inequitable, unjust, or inappropriate, as required by the statute, and that no evidence supports the court's finding that any award above $245 per month would jeopardize paternal grandparents' daycare benefit, or mother's contention that any error in the court's findings was harmless. We note, however, that a court's factual findings must be supported by evidence in the record and may not rest only on statements of counsel. *See Whalen v. Shepler*, 104 P.3d 243, 246 (Colo.App.2004), *aff'd on other grounds*, 119 P.3d 1084 (Colo.2005); *see also People v. Dist. Court*, 898 P.2d 1058, 1060–61 (Colo.1995). Accordingly, on remand, the trial court's factual findings concerning child support, if not stipulated, must be supported by evidence taken at a hearing.

The order is reversed and the case is remanded as provided herein.

Judge WEBB and Judge MILLER concur.