JUDGE ROTHENBERG, specially concurring.
¶ 17 I concur with the majority that the temporary child support order must be affirmed because Young's housing and food allowances are part of her income under the statute. However, I write separately because I agree with Peabody that the statute creates an inequitable result in this case. Young is being reimbursed by the military for her primary living expenses, and she is also receiving an increase in child support payments from Peabody because Young's military reimbursement payments are included in calculating the parties' combined gross income.
¶ 18 It is unclear from the record why the magistrate found "no compelling reason to deviate" from the statutory child support guidelines. See In re Marriage of Hein, 253 P.3d 636, 637 (Colo.App.2010) ; see also In re Marriage of Haddad, 93 P.3d 617, 620 (Colo.App.2004) (special considerations of an equitable nature arise in domestic relations cases and district courts are necessarily vested with the discretion to achieve fair results under a wide variety of circumstances). However, we have not addressed that issue because Peabody did not raise it on appeal. On remand, however, if raised by either of the parties, the court should reconsider whether a deviation from the child support guidelines is appropriate now.