**GREEN, Appellee,**

v.

**GREEN, Appellant.**

[Cite as *Green v. Green* (1989), 64 Ohio App.3d 37.]

Court of Appeals of Ohio,
Erie County.

No. E–88–42.

Decided Sept. 1, 1989.

*Robert Reno,* for appellee.

*Phillip White, Jr.,* for appellant.

ABOOD, Judge.

This is an appeal of a judgment of the Erie County Court of Common Pleas, Domestic Relations Division, granting both parties a decree of divorce and ordering a division of marital property.

Defendant-appellant, Sharon A. Green, has filed a timely notice of appeal setting forth three assignments of error:

"I.  The trial court abused its discretion in determining the marital home was not marital property and awarding the home to the appellee-plaintiff.

"II.  The trial court's failure to award appellant-defendant alimony in gross was an abuse of discretion and contrary to Ohio Revised Code Section 3105.18.

"III. The trial court abused its discretion in deciding this case six (6) months after final hearing without benefit of the trial transcript."

The undisputed facts that are relevant to the issues on appeal are as follows: The parties were married on December 12, 1980; no children were born or adopted during the marriage. On February 27, 1987, appellee filed his complaint for divorce alleging that appellant was guilty of gross neglect of duty and that he and appellant had lived separate and apart for over one year. On March 30, 1987, appellant filed her answer and counterclaim for divorce, alleging that appellee was guilty of gross neglect of duty and extreme cruelty and that she and appellee had lived separate and apart for over one year. The case proceeded to trial on May 9, 1988. On November 9, 1988, the trial court issued its final judgment entry which awarded both parties a decree of divorce on the ground that they had lived separate and apart for one year and ordered a division of assets and an allocation of the debts of the parties. In that order appellee was awarded the 1974 Toyota valued at $800, the household goods and furnishings in his possession and his own personal belongings, jewelry and effects. Appellant was awarded the household goods and furnishings in her possession and her own belongings, jewelry and effects. The court awarded the home in which the parties resided prior to the divorce located in Bellevue, Ohio, to appellee finding that it was directly traceable to his pre-marital assets alone. As to the house, the trial court found that it was purchased from proceeds of the sale of real estate acquired by appellee from his grandfather prior to the marriage, and that it had been maintained as a separate and distinct asset of appellee.

In determining the issue of spousal support, the trial court found that at the time of the divorce, appellant was forty-six years old, had a ninth grade education, and was totally and permanently disabled, a condition which had preceded her marriage. The trial court found further that appellant receives $324 a month from social security for her disability, $184 a month from A.D.C. for a son from a previous marriage, $354 a month from social security for her younger daughter from a previous marriage, $84 a month in food stamps and public medical benefits. The trial court also noted that appellant was residing with her older daughter, who is employed and receives $184 a month from public assistance for her own daughter, and appellant's two adult brothers who are also recipients of public general relief.

As to appellee, the trial court found that he was forty-four years old at the time of the divorce, that he is in good health, that he has a high school degree and is employed as a cab driver. In 1986 and 1987 he earned $4,997 and $6,476, respectively, in wages and tips. Through April 1988 appellee's gross

income from wages and tips was approximately $2,018. Appellee has no health insurance or retirement programs through his work.

Upon consideration of the above facts and circumstances, the trial court determined that neither party should pay the other sustenance alimony. On November 17, 1988, appellant filed a request for separate findings of fact and conclusions of law. On December 8, 1988, appellant filed a notice of appeal, a motion to stay judgment pending appeal, and her proposed findings of fact and conclusions of law. Thereafter the record was filed; however, only a partial transcript of the proceedings on May 9, 1988 was available due to either a malfunction of the equipment or a failure to restart the tape recorder after a recess. On appeal, appellant filed a statement of the case and each party filed their own statement of facts.

In her first assignment of error, appellant asserts that the trial court abused its discretion in determining that the Bellevue residence was not marital property and awarding it to appellee. Appellant argues that the trial court determined that the residence was not marital property because it was titled in appellee's name. Appellant submits that the property was in appellee's name solely on the advice of their attorney so as to prevent termination of her social security benefits, and that property transferred to a party for a specific marital purpose retains its status as marital property.

The trial court is given broad discretion in determining the appropriate scope of property division and sustenance awards in divorce actions, and its determinations will not be disturbed absent an affirmative showing that the trial court abused its discretion. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293; *Berish v. Berish* (1982), 69 Ohio St.2d 318, 23 O.O.3d 296, 432 N.E.2d 183; *Worthington v. Worthington* (1986), 21 Ohio St.3d 73, 21 OBR 371, 488 N.E.2d 150. Property that was owned before marriage or received individually by gift or inheritance is considered to be non-marital property. See *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413. Any appreciation in the value of such property, however, may be attributable to joint efforts of the parties and therefore may be considered a marital asset. *Sanzenbacher v. Sanzenbacher* (1981), 3 Ohio App.3d 180, 3 OBR 206, 444 N.E.2d 454; *Worthington, supra.*

It is clear from the trial court's decision that it did not, as appellant contends, award the residence in Bellevue to appellant solely because it was titled in his name. Rather, as set forth above, the trial court found that the cash used to purchase the home was directly traceable to appellee's pre-marital assets and that the home had been maintained as a separate asset of appellee. The court also found that the value of the home had depreciated since the purchase. These findings were not disputed by appellant in her

brief. Therefore, in light of the foregoing, we find that appellant has failed to affirmatively show that the trial court abused its discretion in determining that the Bellevue residence was a non-marital asset and awarding it to appellee. Accordingly, appellant's first assignment of error is found not well taken.

In her second assignment of error, appellant asserts that the trial court's failure to award her alimony in gross was an abuse of discretion and contrary to R.C. 3105.18. Appellant argues that when considering her age, the fact that she has no marketable skills, that she is totally and permanently disabled and that she has no other source of income other than welfare, the trial court should have awarded her the residence in Bellevue as alimony in gross.

As set forth above, the trial court is given broad discretion in determining the appropriate alimony award. *Cherry, supra.* R.C. 3105.18(B) enumerates the factors that are to be considered by the trial court in determining these awards. In reviewing the trial court's opinion, the record and the partial transcript before us, it is clear that the trial court considered the factors set forth in R.C. 3105.18(B) as well as all other relevant factors in reaching its determination as to both the division of property and support. This court, therefore, finds that the trial court did not abuse its discretion in making the awards it did and appellant's second assignment of error is found not well taken.

In her third assignment of error, appellant asserts that the trial court abused its discretion in deciding the case six months after final hearing without the benefit of a transcript of proceedings. Appellant argues that due to the potential for memory lapse it was reversible error for the trial judge to render its decision where none of the direct testimony was preserved.

From our review of the record, the partial transcript of the trial, the exhibits and the arguments of counsel, we find that the trial court's judgment entry sets forth detailed findings of fact which are supported by the record. The fact that the trial court's decision was rendered six months after trial and that no full transcript of proceedings of the trial is available does not, alone, constitute an abuse of discretion. Appellant has not affirmatively shown that the trial court's conduct or its decision was arbitrary or unreasonable or that any prejudicial error was committed that would require reversal of the trial court's decision. Accordingly, appellant's third assignment of error is found not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Erie County Court of Common

**42**

Pleas, Domestic Relations Division, is affirmed. It is ordered that appellant pay court costs of this appeal.

*Judgment affirmed.*

GLASSER and CONNORS, JJ., concur.