OPINION
Plaintiff-appellant, James Mills, appeals the decision of the Columbiana County Court of Common Pleas granting him a divorce from defendant-appellee, Donna Mills, and dividing the parties' property. Appellee has also filed a cross-appeal in this matter.
Appellant and appellee were married on October 8, 1988. In the course of the marriage, the parties had two children, Laura and Mathew Mills. On September 10, 1997, appellant filed a complaint in the Columbiana County Court of Common Pleas seeking a divorce from appellee. A bench trial was held on October 7, 1998 before Judge David Tobin.
The trial court issued an opinion and journal entry on October 19, 1998 granting a divorce to both parties and designating appellant as the residential parent of the two minor children. As part of the trial court's division of marital property, appellant was awarded the marital residence and the contents of a bank account at KeyBank. Appellant had argued that at least $30,000 of his separate property had been used in the purchase of the residence and that the money in the KeyBank account was also his separate property. However, the trial court found that appellant had failed to prove either of these contentions by a preponderance of the evidence, and found both the residence and the bank account to be marital property. In order to equalize this division of property appellant was ordered to pay appellee the sum of $27,500 and spousal support of $200.00 per month for two years.
On October 28, 1998, appellee filed a motion to reconsider with respect to the trial court's distribution of the KeyBank account. Before the motion was heard, appellant filed a notice of appeal on November 12, 1998. The same day, appellee filed a motion for relief from judgment claiming that the trial court had erred in failing to divide the KeyBank account after having found said account to be marital property.
Thereafter, on November 17, 1998, appellee filed her cross-appeal to this court. On December 9, 1998, appellee filed a motion with the trial court to dismiss her motion to reconsider based on the filing of the motion for relief from judgment. Although not shown in the record, both parties claim that appellee's motion for relief from judgment was heard and denied by the trial court on January 19, 1999.
Appellant's sole assignment of error states:
 "THE TRIAL COURT ERRED IN FAILING TO AWARD THE PLAINTIFF-APPELLANT HIS REAL PROPERTY AS HIS SEPARATE PROPERTY[.]"
Appellant claims that he presented clear and convincing evidence that the residence owned by the parties was purchased with his separate pre-marital funds and that the trial court erred in finding that appellant had failed to trace his separate assets into the property. Appellant notes that pursuant to R.C.3105.171, the commingling of separate property does not destroy its identity as such, nor does the title of property in and of itself determine whether the property is marital or separate. According to appellant the evidence showed that he received a $30,000 cash settlement from his previous marriage which was used to buy the real estate in question and that no other funds were available or used to buy the property.
In addition, appellant notes that the value of the residence at the time of the divorce was $50,000, which sum represented appreciation in the amount of $16,000. According to appellant, there was no evidence of capital improvements or modifications and so the $16,000 of appreciation is attributable to passive appreciation on appellant's separate property to which appellee was not entitled to share.
In response, appellee claims that for twenty months after the marriage appellant placed earnings into the KeyBank account from which the money used to purchase the residence was eventually taken. In addition, appellee notes that the funds used for the purchase came from an IRA owned by appellant and that appellant admitted that a substantial amount was taken out in penalties when the IRA funds were transferred to the bank account. According to appellee, appellant was unable to provide any records showing how much of these IRA funds were used to purchase the residence, all of which demonstrates that appellant failed to prove by a preponderance of the evidence that his separate funds were traceable into the real property.
A trial court is vested with broad discretion when fashioning a division of marital property. Bisker v. Bisker (1994), 69 Ohio St.3d 608,609. Although the award need not be equal, it must be equitable. Id. A trial court's decision will be upheld absent an abuse of discretion. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,401. "Abuse of discretion" is more than an error of law or judgment; it implies that the court acted in an unreasonable, arbitrary, or unconscionable fashion. Id. If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion. Id.
R.C. 3105.171 provides in pertinent part as follows:
 (6) (a) `Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
"* * *
 "(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
 "(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage;
 "(iv) Any real or personal property or interest in real or personal property acquired by one spouse after a decree of legal separation issued under section 3105.17 of the Revised Code;
"* * *
 "(b) The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable."
In dividing property in divorce proceedings, the trial court is required to classify assets as marital or nonmarital and then award each spouse his or her separate, nonmarital property. Peckv. Peck (1994), 96 Ohio App.3d 731, 734. The characterization of the parties' property is a factual inquiry and the trial court's determination will not be reversed if supported by some competent, credible evidence. Barkley v. Barkley (1997),119 Ohio App.3d 155, 159. The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. Peck, supra, at 734. Property that was owned before marriage or received individually by gift or inheritance is considered to be nonmarital property. Green v. Green (1989),64 Ohio App.3d 37, 40.
In order to establish the marital residence as his own separate property, appellant was required to prove by a preponderance of the evidence that the property was purchased with his own separate funds. Appellant established that as a result of his first divorce he received $30,000 in cash and the funds in his IRA. The IRA funds were apparently transferred into the KeyBank account at which time a penalty was exacted. Appellant did not purchase the real property for some twenty months after his marriage to appellee.
Appellant concedes that income earned from his tire business during the course of the marriage was also deposited into this account. Appellant offered no documentation to establish the amount from the IRA that had been deposited into the KeyBank account or how much of the IRA had been taken in interest or penalties. Nor was appellant able to separately account for funds placed into the KeyBank account from other sources prior to the purchase of the property. As such, appellant failed to adequately trace his separate funds into the residence and, as such, the trial court did not abuse its discretion in determining that the residence was marital property.
Accordingly, appellant's sole assignment of error is without merit.
Appellee's cross-assignment of error states:
 "THE TRIAL COURT ERRED IN FAILING TO AWARD DEFENDANT-APPELLEE (1/2) OF THE VALUE OF THE KEY BANK ACCOUNT WHICH THE COURT CORRECTLY DETERMINED TO BE A MARITAL ASSET OF THE PARTIES."
Appellee argues that in dividing the parties' property the trial court failed to award appellee a share of the contents of the KeyBank account, which the trial court had found to be marital property.
As already noted, a trial court is vested with broad discretion when fashioning a division of marital property. Bisker, supra.
When reviewing such discretion, an appellate court must ascertain whether the disposition, as a whole, was an abuse of discretion.Huener v. Huener (1996), 110 Ohio App.3d 322, 324. (Emphasis added.). The trial court's decision will be upheld absent an abuse of discretion. Middendorf, supra.
In making a division of marital assets, the trial court is required to consider the factors set forth in R.C. 3105.171(F), which are as follows:
"(1) The duration of the marriage;
"(2) The assets and liabilities of the spouses;
 "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
"(4) The liquidity of the property to be distributed;
 "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 "(9) Any other factor that the court expressly finds to be relevant and equitable."
The evidence at trial showed that the marital residence had a value of $50,000 and that the KeyBank account contained approximately $12,800. In addition, three motor vehicles, all marital property, were found to have a value of $2,500 and tires remaining from appellant's business were valued at $1,000. Appellee also had an outstanding bill in the amount of $1,100 for psychological counseling.
The trial court awarded appellant the marital residence, the KeyBank account, the tires, and the motor vehicles. Appellee was awarded all of the remaining household goods or furnishings or the option to receive $750 for them from appellant. In addition, appellant was ordered to pay appellee the sum of $27,500 within twelve months of the date of the divorce, and was ordered to pay the parties' debts up to the date of divorce with the exception of the $1,100 counseling bill, which remained the obligation of appellee.
When viewed in its entirety, we fail to see how the trial court abused its discretion. Although unable to trace his separate property into the marital residence, it was clear from the evidence that an indeterminable but nonetheless significant portion of the parties' assets were acquired by appellant. It was undisputed that appellee brought no financial assets to the marriage and abused alcohol for most of its duration. Appellee's only employment throughout the marriage was a two-month period of part-time labor in a doughnut store. The evidence showed that appellee's propensity for driving while intoxicated had resulted in substantial medical bills, which appellant continued to pay and was ordered to pay up to the time of the divorce. In addition, it was undisputed that appellant had dissipated some $30,000 from the sale of a home appellant had purchased for appellee prior to the marriage. Given appellant's age of sixty-nine years, his designation as residential parent for the parties' two minor children, and appellee's drinking problem with its attendant financial consequences, when viewed in its entirety the trial court's division of the parties' marital property does not constitute an abuse of discretion.
Appellee's cross-assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs.
Vukovich, J., concurs.
APPROVED:
 _______________________________ Gene Donofrio Judge