OPINION
{¶ 1} Plaintiff-appellant, Ronald Dawson, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying his motion to terminate or modify his spousal support obligation. We affirm the decision of the trial court.
 {¶ 2} In 1991, appellant and defendant-appellee, Diana Dawson, divorced after 22 years of marriage. Appellant was employed by Xtek, Inc. at the time. The divorce decree incorporated a separation agreement in which the parties stipulated that appellant would pay spousal support in the amount of $6,500 annually. The agreement provided that the spousal support was to terminate, among other circumstances, "upon the retirement of Husband, when Husband and Wife begin to receive the pension benefits outlined in Article 10." Article 10 allocated a 50 percent share in appellant's Xtek stock and 401K plan benefits to appellee. A provision in the separation agreement reserved jurisdiction over this spousal support award to the trial court.
 {¶ 3} In December 2001, appellant was fired from Xtek. In January 2002, appellant submitted his initial motion to terminate spousal support based on his dismissal from Xtek. The court adopted the magistrate's decision dismissing appellant's petition as premature because appellant was receiving severance pay and thus his income had not changed. In October 2004, appellant submitted a second motion to terminate spousal support, alleging changed circumstances. The trial court denied the motion, reasoning that appellant was still working two jobs and earning similar income. The court also observed that, although appellant testified that his medical condition required him to reduce his work hours, he had not yet done so. The trial court thus concluded that there were no changed circumstances warranting modification of the spousal support award. Appellant timely appealed, raising five assignments of error.
 {¶ 4} We begin by noting that a trial court may modify the amount or terms of a spousal support award following a decree of divorce or dissolution if the court determines that the circumstances of either party have changed and the separation agreement authorizes the court to modify the award. R.C.3105.18(E). A change of circumstances "includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). The change of circumstances must be material, not purposely brought about by the moving party, and not contemplated at the time the parties entered into the prior agreement. Cooper v. Cooper, Clermont App. No. CA20030-5-038,2004-Ohio-1368, ¶ 17.
 {¶ 5} The decision to deny a motion to modify or terminate spousal support is within the sound discretion of the trial court, and an appellate court will not reverse the trial court's decision absent an abuse of discretion. Lindsay v. Curtis
(1996), 115 Ohio App.3d 742, 746. To find an abuse of discretion, an appeals court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. We are bound by these considerations in reviewing appellant's five assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE FAILURE OF THE TRIAL COURT TO ACKNOWLEDGE THE DISPERSMENT OF XTEK PENSION FUNDS, AND APPELANT'S DETIRIORATION CONDITION AS CHANGES IN CIRCUMSTANCES JUSTIFYING MODIFICAION OR TERMINATION OF SPOUSAL SUPPORT IS AN ABUSE OF DISCRESSION, AGAINST THE MAIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW." [sic]
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE TRIAL COURTS ERRED BY FAILING TO ADDRESS THE ISSUE OF WHETHER SPOUSAL SUPPORT SHOULD TERMINATE UNDER THE TERMS OF THE SEPARATION AGREEMENT DUE TO THE DISPERSMENT OF XTEK PENSION FUNDS." [sic]
 {¶ 10} Assignment of Error No. 3:
 {¶ 11} "THE FAILURE OF THE TRIAL COURT TO RECOGNIZE APPELLEE'S RECEIPT OF SUPLEMENTAL SECURITY INCOME AS CHANGES IN CIRCUMSTANCES JUSTIFYING, IN COMBINATION WITH THE OTHER CHANGES OF CIRCUMSTANCES DISCUSSED ABOVE, THE TERMINATION OF SPOUSAL SUPPORT IS AN ABUSE OF DISCRESSION AND CONTRARY TO LAW." [sic]
 {¶ 12} Assignment of Error No. 4:
 {¶ 13} "THE TRIAL COURT EXHIBITED DISREGARD FOR THE NEEDS OF APPELLEE AND ERRED IN JUDGMENT BY REQUIRING APPELLANT TO TERMINATE HIS EMPLOYMENT, THUS CEASING HIS SUPPORT PAYMENTS TO APPELLEE, PRIOR TO MOVING FOR TERMINATION OF SUPPORT."
 {¶ 14} Assignment of Error No. 5:
 {¶ 15} "THE TRIAL COURT ERRED IN NOT ADOPTING THE SOLUTION PROFFERED BY APPELANT WHICH WOULD ALLOW TERMINATION OF APPELLANT'S SUPPORT OBLIGAION WITHOUT REDUCING APPELLEE'S INCOME AND ALLOWING APPELLEE TO UTILIZE PENSON FUNDS WITHOUT LOOSING MEDICAID BENEFITS." [sic]
 {¶ 16} Appellant's first, second, and fourth assignments of error relate to the trial court's refusal to execute the spousal support termination provision in the separation agreement.[1] As previously quoted, the separation agreement provided that spousal support was to terminate "upon the retirement of Husband, when Husband and Wife begin to receive the pension benefits outlined in Article 10." Article 10 assigned to appellee a 50 percent interest in appellant's Xtek pension benefits, which consisted of an Employee Stock Ownership Plan and a 401K Plan. Appellant argues that this termination provision has been triggered in one of two ways.
 {¶ 17} First, appellant insists that his firing from Xtek combined with his medical condition amounts to "substantial retirement." Because separation agreements are contracts, they are subject to the same rules of construction as other contracts.Forstner v. Forstner (1990), 68 Ohio App.3d 367, 372. Appellant neglected to assert that the provision in the separation agreement referring to termination of support payments upon his retirement was ambiguous and thus required interpretation by the trial court. See Matter of Howard (Nov. 1, 1993), Clermont App. No. CA93-03-016, at 3-4. Even if he had raised this preliminary issue, however, we find that appellant's current circumstances fall short of "retirement" as contemplated by the unambiguous terms of the agreement. Leonard v. Leonard (Aug. 17, 1992), Butler App. No. CA91-08-143, at 7-8, citing Inland RefuseTransfer Co. v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321, 322. Appellant testified that he has developed severe arthritis which amounts to a medical disability. However, appellant continues to work two jobs and admitted that he currently works approximately 80 to 85 hours per week. This cannot possibly be construed as "retirement" within the plain language of the agreement. Leonard at 7-8. In addition, appellant's anticipated reduction of work hours due to his medical condition does not by itself constitute "retirement." Id.
 {¶ 18} Second, appellant asserts that because the Xtek pension funds are now available for disbursement, his support obligations must cease pursuant to the terms of the agreement. However, the disbursement of these funds was the result of appellant's termination from the company and subsequent sale of his Xtek stock. The termination provision in the separation agreement contemplated a halting of the support payments upon appellant's retirement from employment, which has not yet occurred. Leonard at 7-8. Consequently, we hold that the trial court did not abuse its discretion in failing to execute the spousal support termination provision in the separation agreement.
 {¶ 19} Appellant also alleges that requiring him to first reduce his work hours before the court will consider him "retired" and order termination of spousal support is "tantamount to * * * insisting that Appellee go without income for several months before the court will provide an order facilitating the replacement of income by SSI." However, this contention is rendered moot by our conclusion that the trial court did not abuse its discretion in declining to find appellant "retired" or by failing to employ the spousal support termination provision. See App.R. 12(A)(1)(c).
 {¶ 20} Appellant's first, second, and fourth assignments of error are overruled.
 {¶ 21} Appellant's third assignment of error involves the trial court's refusal to find that appellee's receipt of social security income ("SSI") constitutes a change in circumstances. The record indicates that appellee began receiving SSI payments subsequent to both the divorce and appellant's initial motion to terminate support. Appellant insists that this receipt of SSI is a basis for terminating spousal support, citing cases from other Ohio courts of appeal. See Poindexter v. Poindexter (Mar. 31, 2000), Franklin App. No. 98AP-1150; Young v. Young (Jan. 22, 1998), Columbiana App. No. 96-CO-26; Green v. Green (1989),64 Ohio App.3d 37. These cases, however, are factually distinguishable. In Young and Green, the spouse receiving SSI was already being paid these benefits at the time of the divorce. In Poindexter, the spousal support was instated by a court order providing temporary support, not a separation agreement providing permanent support. These cases are thus inapposite for the disposition of the SSI issue in this case.
 {¶ 22} Supplemental security income serves to insure a minimum income level for persons who are over age 65, blind, or disabled, who do not have sufficient income and resources to maintain a standard of living at the federally established minimum income level. Section 1381, Title 26, U.S. Code; Section 110, Title 20, C.F.R. However, "[SSI] payments are meant to supplement other income, not substitute for it. The amount of [SSI] received is modified as the amount of the recipient's other income changes, not vice versa." Oatley v. Oatley (1977),57 Ohio App.2d 226, 228. See, also, Paton v. Paton (Mar. 16, 1999), Allen App. No. 1-98-74, 1999 WL 181188 at 3, affirmed,91 Ohio St.3d 94, 2001-Ohio-291. Accordingly, appellant is not relieved of his spousal support obligation merely by virtue of appellee's receipt of SSI. Appellee's SSI is a supplement to her spousal support income, not a substitute for it.
 {¶ 23} Even if this court acknowledges that receipt of SSI may serve as a basis for modification or termination of spousal support under certain circumstances, such is not the case here. Appellee testified that she receives $500 per month in spousal support and $84 per month in SSI. Because this monthly SSI payment is minimal in comparison to the amount of spousal support, appellee's receipt of SSI is not so material as to amount to a change in circumstances. Cooper, 2004-Ohio-1368 at ¶ 17.
 {¶ 24} We find no abuse of discretion in the trial court's refusal to recognize appellee's receipt of SSI as a change in circumstances warranting termination of spousal support payments. Appellant's third assignment of error is overruled.
 {¶ 25} Appellant's fifth assignment of error concerns the trial court's failure to adopt appellant's proposed solution involving the implementation of a special needs trust to remedy appellee's SSI and Medicaid dilemma.[2] Because the trial court determined that there were no changed circumstances warranting termination of spousal support, there was no need to address the proffered plan. The court's refusal to adopt appellant's suggested solution was not so unreasonable, arbitrary, or unconscionable as to connote an abuse of discretion. See, generally, Blakemore, 5 Ohio St.3d 217. Appellant's fifth assignment of error is overruled.
 {¶ 26} Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] Although appellant's first assignment of error references "changes in circumstances," appellant's arguments under this assignment in his brief actually involve his alleged "retirement" and its effect on his obligation to pay spousal support under the terms of the separation agreement.
[2] Appellee testified that she cannot currently accept her 50 percent share of appellant's pension benefits because this would cause her to become ineligible for Medicaid. She thus desired that appellant continue the spousal support payments so that she could continue to cover her living and medical expenses until she is healthy enough to quit Medicaid and collect the pension funds.