OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, James B. Varholick ("James"), appeals from a judgment entry of the Geauga County Court of Common Pleas, overruling his objections to a magistrate's decision and adopting the magistrate's conclusion that a $56,000 down payment was appellee's separate property. For the following reasons, we affirm.
 {¶ 2} James and appellee, Barbara M. Varholick ("Barbara"), were married on July 10, 1998.[1] On March 26, 2003, Barbara filed a complaint for divorce with the Geauga County Court of Common Pleas. Barbara's complaint requested that she be granted a divorce due to incompatibility and James's gross neglect of duty. In addition, her complaint requested an equitable division of the parties' property.
 {¶ 3} James responded via an answer and counterclaim. His counterclaim also requested a divorce and an equitable division of the parties' property.
 {¶ 4} This matter proceeded to a trial before a magistrate. Subsequently, the magistrate issued a decision, which included the following relevant factual findings and conclusions of law. First, the magistrate concluded that the parties' marriage contract was to be dissolved. The magistrate's findings further established that Barbara's mother, Joan Hursh ("Joan"), contributed $56,000 toward the initial down payment on the marital residence.
 {¶ 5} Barbara testified at trial that Joan's $56,000 payment was a gift made solely to her. Accordingly, she concluded the payment represented her separate property. James testified that Joan's $56,000 payment was a loan to the parties and that a portion of the loan was paid back via marital money obtained from gambling prize money. Thus, he concluded the $56,000 represented marital property.
 {¶ 6} Based upon the trial testimony, the magistrate found that "[t]here is absolutely no evidence as to the amount of winnings which the parties received in Las Vegas, nor the amount that they repaid on the alleged loan per [James]." The magistrate determined that "the Fifty Six Thousand Dollar ($56,000) down payment was a gift from [Joan] to [Barbara]. The court further finds that [Barbara] has shown this to be a gift to her by clear and convincing evidence."
 {¶ 7} As a result, the magistrate concluded that the marital residence was to be sold, and Barbara was to be awarded $56,000 of the sale price, as this amount represented her separate property. The remaining balance of the sale price was to be divided equally between the parties.
 {¶ 8} James filed timely objections to the magistrate's decision. His objections contended that the magistrate erred in concluding that Joan's $56,000 down payment represented Barbara's separate property. Specifically, James maintained that Barbara failed to present clear and convincing evidence that Joan intended the gift solely for Barbara.
 {¶ 9} In support of this objection, James filed a partial transcript of the magistrate trial. This limited testimony pertained to the conflict regarding whether Joan's $56,000 payment was a gift to Barbara or a loan which had been partially repaid via the parties' prize money.
 {¶ 10} Barbara's response to James's objections argued that the evidence presented at trial clearly established that Joan's 56,000 payment was a pre-marital gift to her only. Attached to the response was an exhibit admitted at trial of a check issued by Joan to "Continental Title," in the amount of $56,000. The check was dated April 30, 1998.
 {¶ 11} The trial court overruled appellant's objections and adopted the magistrate's conclusions that the parties were entitled to a divorce and that the $56,000 payment represented Barbara's separate property.
 {¶ 12} From this judgment, James filed a timely appeal and now sets forth the following assignment of error for our review:
 {¶ 13} "The trial court erred to the prejudice of the defendant-appellant by finding that the down payment on the marital residence constituted separate property."
 {¶ 14} Under his sole assignment of error, James argues that the trial court erred by finding that Joan's $56,000 payment was a gift to Barbara. He maintains that the payment was presumed to be a gift made to both parties, unless Barbara could present clear and convincing evidence that the gift was made solely to her. James contends that Barbara failed to present clear and convincing evidence. Thus, he concludes the $56,000 payment represented marital property and should have been divided equally between the parties.
 {¶ 15} A trial court is given broad discretion in its division of marital assets. Cherry v. Cherry (1981),66 Ohio St.2d 348, paragraph two of the syllabus. Accordingly, as a reviewing court, our inquiry is limited to whether the trial court abused that discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} Under R.C. 3105.171(A)(3)(a)(i), marital property is defined as "[a]ll real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage[.]"
 {¶ 17} R.C. 3105.171(A)(6)(a)(vii) defines separate property as follows:
 {¶ 18} "`Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
 {¶ 19} "* * *
 {¶ 20} "Any gift of any real or personal property or of an interest in real or personal property that is made after thedate of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." (Emphasis added.)
 {¶ 21} Under these definitions of separate and marital property, when the gift was made is crucial. Specifically, if a gift of real property was made by a third-party after the dateof marriage, the gift is presumed to be given to both parties as marital property. See, e.g., Rosenberger v. Rosenberger, 11th Dist. No. 2004-G-2555, 2005-Ohio-1790, at ¶ 32. Based upon this presumption, the spouse alleging the gift to be his or her separate property bears the burden of establishing, by clear and convincing evidence, that the gift was given only to that spouse. Id. at ¶ 36.
 {¶ 22} On the other hand, if the gift was made to either spouse prior to the marriage, it is presumed to be the spouse's separate property. See, e.g., Green v. Green (1989),64 Ohio App.3d 37, 40. Thus, the spouse claiming the gift is marital property bears the burden of establishing that the gift was converted to marital property during the marriage. See, e.g.,Fredrick v. Fredrick (Mar. 31, 2000), 11th Dist. No. 98-P-0071, 2000 Ohio App. LEXIS 1458, at 19, citing Helton v. Helton
(1996), 114 Ohio App.3d 683, 685.
 {¶ 23} In the instant case, Barbara testified that the $56,000 down payment was a gift from Joan to her only. She also presented evidence that Joan's gift was made prior to the marriage. Specifically, the trial exhibit established that Joan made the down payment on April 30, 1998. The undisputed evidence further established that the parties were not married until July 10, 1998.
 {¶ 24} Because the down payment was made prior to the marriage, James improperly argues that it was Barbara's burden to prove, by clear and convincing evidence, that the down payment was a gift to her solely. Instead, it was James's burden to establish that the separate property was converted to marital property during the marriage. He failed to do so.
 {¶ 25} James testified that the $56,000 down payment was a loan rather than a gift, and that marital prize money had been used to repay the loan. However, James failed to corroborate his testimony with any evidence of loan payments or evidence that the loan payments were made from marital prize money. James simply failed to show that the $56,000 gift was actually a loan which was repaid using marital money. Thus, the trial court did not abuse its discretion by finding that Joan's $56,000 down payment was Barbara's separate property, as this payment was a gift solely to Barbara.
 {¶ 26} Based upon the foregoing analysis, appellant's sole assignment of error is without merit. We hereby affirm the judgment of the trial court.
Grendell, J., concurs in judgment only with a Concurring Opinion,
O'Neill, J., dissents.
[1] One child was born as issue of the marriage.