[Cite as *Coshocton Cty. Dept. of Job & Family Servs., Child Support Enforcement Agency v. Miller*, 2011-Ohio-6356.]

# COURT OF APPEALS
# COSHOCTON COUNTY, OHIO
# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CCDJFS, CHILD SUPPORT ENFORCEMENT AGENCY, ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J. |
|      Plaintiffs- Appellees | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 11-CA-8 |
| JAMES MILLER | |
|      Defendant-Appellant | OPINION |


CHARACTER OF PROCEEDING:       Appeal from the Court of Common Pleas, Juvenile Division, Case No. 21020099

JUDGMENT:       Affirmed

DATE OF JUDGMENT:       December 8, 2011

APPEARANCES:

For Plaintiffs-Appellees

JOHN HATALLA
725 Pine Street
P.O. Box 68
Coshocton, OH 43812

For Defendant-Appellant

ROBERT E. WEIR
305 Main Street
Coshocton, OH 43812

*Farmer, J.*

{¶ 1}  On August 23, 2010, appellees, the CCDJF, Child Support Enforcement Agency and Children Services, filed a complaint against appellant, James Miller, for child support for his minor child.  A hearing before a magistrate was held on March 31, 2011.  By decision filed April 15, 2011, the magistrate recommended a child support obligation of $680.49 per month when private health insurance is provided and $764.27 per month if private health insurance is not provided.  Appellant filed objections.  By judgment entry filed May 10, 2011, the trial court overruled the objections.  By judgment entry filed May 31, 2011, the trial court approved and adopted the magistrate's decision.

{¶ 2}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 3}  "THE TRIAL COURT ERRED IN ITS CHILD SUPPORT ORDER BY FAILING TO DEVIATE FROM THE CHILD SUPPORT COMPUTATION WORKSHEET."

I

{¶ 4}  Appellant claims the trial court erred in its child support order for failing to deviate from the child support computation worksheet and take into consideration the fact that the child was receiving adoption assistance under Ohio Adm.Code 5101:2-44-03.  We disagree.

{¶ 5}  Pursuant to R.C. 3119.01(C)(7)(f), adoption assistance is not to be included as "gross income" in determining child support.  Appellant argues adoption assistance should cause a deviation in a child support obligation.  In support, appellant

cites this court's decision in *Young v. Young* (1995), 105 Ohio App.3d 701, wherein this court stated social security benefits received by the minor child as a result of the obligor's disability may be credited toward the obligor's support obligation. However, the trial court found the Supreme Court of Ohio's decision in *Paton v. Paton,* 91 Ohio St. 3d 94, 2001-Ohio-291, to be controlling. For the following reasons, we agree*.*

{¶ 6} Pursuant to Ohio Adm.Code 5101:2-44-03, the state adoption subsidy program applies when there is a special needs adoptive child. The amount is based upon the needs of the adoptive child and the circumstances of the adoptive family:

{¶ 7} "(A) A public children services agency (PCSA) is responsible for the administration and determination of eligibility for the state adoption subsidy. The PCSA shall:

{¶ 8} "***

{¶ 9} "(2) Consult with the adoptive parent prior to the approval or denial of a JFS 01613 regarding:

{¶ 10} "(a) Special needs of the adoptive child, identified or anticipated.

{¶ 11} "(b) Amount of the state adoption maintenance payments based upon the needs of the adoptive child, the circumstances of the adoptive family, and in accordance with the PCSA's adoption policy.

{¶ 12} "(c) Beginning and ending dates of the state adoption maintenance payments.

{¶ 13} "(3) Determine if the adoptive parent meets the income eligibility criteria for the state adoption maintenance subsidy in accordance with rule 5101:2-44-06 of the Administrative Code."

{¶ 14} The adoption subsidy is for the benefit of the child, not the parent, as the subsidy is based upon the child's special needs. In *Young,* the social security benefit was derived from the obligor's disability, not the child's. In *Paton,* the social security benefits were based upon the child's disability:

{¶ 15} "Supplemental security income benefits received by a disabled child do not constitute a financial resource of the child pursuant to R.C. 3113.215(B)(3)(f) for purposes of justifying a trial court's deviation from the basic child support schedule." *Paton,* at syllabus.

{¶ 16} The reasoning behind this holding is illustrated by Justice Resnick's conclusion:

{¶ 17} "***SSI benefits received by a disabled child 'are intended to supplement other income, not substitute for it.' *Oatley v. Oatley,* 57 Ohio App.2d at 228, 11 O.O.3d at 262, 387 N.E.2d at 246.***

{¶ 18} "The court of appeals correctly observed that reducing a parent's child support obligation by an amount representing the child's SSI benefits 'would frustrate the purpose of the federal law by pushing the child's standard of living back below the federal minimum.' Such an approach would result in a 'stair-step' effect that would increase the child's reliance on federal assistance while decreasing the parents' financial responsibility, because as the child's SSI benefits increase, the parents' support obligation simultaneously decreases. In order to avoid this unintended and absurd result, '[t]he amount of supplemental security income received is modified as the amount of the recipient's other income changes, not vice versa.' *Oatley,* 57 Ohio App.2d at 228, 11 O.O.3d at 262, 387 N.E.2d at 246.

{¶ 19} "Parents, to the extent that they are able, have an obligation to support their minor children.  In situations where a child is eligible to receive SSI, these benefits are intended to supplement the parents' support obligation, not to reduce it. Consequently, we find that supplemental security income benefits received by a disabled child do not constitute a financial resource of the child pursuant to R.C. 3113.215(B)(3)(f) for purposes of justifying a trial court's deviation from the basic child support schedule." *Paton,* at 97-98.  (Footnote omitted.)

{¶ 20} Upon review, we find the trial court did not err in not deviating from the child support computation worksheet.

{¶ 21} The sole assignment of error is denied.

{¶ 22} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman,  P.J. and

Edwards, J. concur.


_s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ Julie A. Edwards_____
                              JUDGES

SGF/sg 1117

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CCDJFS, CHILD SUPPORT ENFORCEMENT AGENCY, ET AL. | : | |
| | : | |
| Plaintiffs-Appellees | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAMES MILLER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-8 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed.  Costs to appellant.



_s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ Julie A. Edwards_____

JUDGES