[Cite as *Million v. Million*, 2020-Ohio-4849.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| ANGELA L. MILLION | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28651 |
| | : | |
| v. | : | Trial Court Case No. 2012-DR-79 |
| | : | |
| HERSHEL T. MILLION | : | (Domestic Relations Appeal) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

O P I N I O N

Rendered on the 9th day of October, 2020.

. . . . . . . . . . .

JOHN S. PINARD, Atty. Reg. No. 0085567, 120 West Second Street, Suite 603, Dayton, Ohio 45402
  Attorney for Plaintiff-Appellee

P.J. CONBOY, II, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Hershel T. Million appeals from a judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, which granted plaintiff-appellee Angela L. Million's motion to modify child support for the parties' son. Father filed a timely notice of appeal on December 24, 2019.

{¶ 2} Hershel and Angela were married on July 3, 1999. The parties adopted one child together during their marriage. The parties later divorced; the decree of divorce and a shared parenting decree were filed on January 30, 2013. While both parties were designated as legal custodian of their son, Angela was designated as the residential parent for purposes of school attendance. The shared parenting decree did not order child support to be paid by either party. Specifically, the shared parenting plan stated as follows:

> Since [son] was adopted, the parents each receive a stipend check from the State of Ohio to cover [son]'s care. Mother is hereby awarded all of the stipend proceeds and she is entitled to receive both stipend checks every month. In lieu of child support, Father is hereby Ordered to give his check to Mother **each month immediately** upon receipt of said check. The parents shall cooperate to establish direct deposit of the stipend checks into Mother's bank account each month.
>
> The Court shall retain jurisdiction over child support.[1]

Shared Parenting Decree p. 3.

{¶ 3} On October 10, 2018, Angela filed a motion to modify child support. In the

---

[1] The parties receive two adoption stipend checks, which are in the amounts of $250.00 and $791.58. Magistrate's Decision p. 4, fn. 1.

following months, the parties filed several other motions which are not relevant to this appeal. A hearing on the motion to modify child support was held before a magistrate on May 21, 2019, and the parties were allowed to submit post-hearing briefs further detailing their respective positions. On August 6, 2019, the magistrate issued a decision in which she found that the son's stipend checks could not be applied in lieu of child support and recommended that Hershel be ordered to pay $565.45 a month in child support. Additionally, the magistrate recommended that Angela continue to receive both stipend checks for the care and support of the parties' son. On August 14, 2019, Hershel filed objections to the magistrate's decision, which he later supplemented in objections filed on October 25, 2019. Angela filed a reply to Hershel's objections on November 8, 2019.

{¶ 4} On December 2, 2019, the trial court overruled Hershel's objections and adopted the magistrate's decision in its entirety. Pertinent to the instant appeal, the trial court held that Adoptive Assistance stipend checks could not be applied in lieu of child support and that the stipend checks were not a proper basis for a deviation in child support.

{¶ 5} It is from this judgment that Hershel now appeals.

{¶ 6} Hershel's sole assignment of error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DETERMINATION

WITH REGARD TO CHILD SUPPORT.

{¶ 7} Hershel contends that the trial court abused its discretion by ordering him to pay child support without considering the Adoptive Assistance stipend checks received by the parties for their son's benefit. Hershel argues that he should receive a credit

toward any child support obligation for the stipend checks received from the state and federal governments. We note that Hershel acknowledges in his brief that he is *not* requesting that the adoption subsidy be listed as income in the child support computation worksheet.

{¶ 8} A trial court's decision regarding a child support obligation will not be reversed on appeal absent an abuse of discretion. *L.B. v. T.B.*, 2d Dist. Montgomery No. 24441, 2011-Ohio-3418, ¶ 5; *Snyder v. Snyder*, 8th Dist. Cuyahoga No. 95421, 2011-Ohio-1372, ¶ 42, citing *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Ents. Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990). *See also Feldmiller v. Feldmiller*, 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7.

{¶ 9} The Title IV-E Adoption Assistance Program set forth in Section 670 et seq., Title 42, U.S.Code, provides financial support for children who are adopted and have special needs, like the Millions' son. *Weaver v. Ohio Dept. of Job & Family Servs.*, 153 Ohio App.3d 331, 2003-Ohio-3827, 794 N.E.3d 92, ¶ 4 (1st Dist.). The program is administered by the states subject to certain federal requirements. *Id.*; Section 671, Title 42, U.S.Code. In particular, Section 673(a)(3) states that adoption assistance

> * * * shall be determined through agreement between the adoptive parents
> and the State or local agency * * * which shall take into consideration the
> circumstances of the adopting parents and the needs of the child being

adopted, and may be readjusted periodically, with the concurrence of the adopting parents * * * depending upon changes in circumstances. * * *

{¶ 10} R.C. 3119.23 lists 16 factors a trial court may consider in determining whether to deviate from the child support guidelines. Specifically, R.C. 3119.23 states:

The court may consider any of the following factors in determining whether to grant a deviation pursuant to section 3119.22 of the Revised Code:

(A) Special and unusual needs of the child or children, including needs arising from the physical or psychological condition of the child or children;

(B) Other court-ordered payments;

(C) Extended parenting time or extraordinary costs associated with parenting time, including extraordinary travel expenses when exchanging the child or children for parenting time;

(D) The financial resources and the earning ability of the child or children;

(E) The relative financial resources, including the disparity in income between parties or households, other assets, and the needs of each parent;

(F) The obligee's income, if the obligee's annual income is equal to or less than one hundred per cent of the federal poverty level;

(G) Benefits that either parent receives from remarriage or sharing living expenses with another person;

(H) The amount of federal, state, and local taxes actually paid or

estimated to be paid by a parent or both of the parents;

(I) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;

(J) Extraordinary work-related expenses incurred by either parent;

(K) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;

(L) The educational opportunities that would have been available to the child had the circumstances requiring a child support order not arisen;

(M) The responsibility of each parent for the support of others, including support of a child or children with disabilities who are not subject to the support order;

(N) Post-secondary educational expenses paid for by a parent for the parent's own child or children, regardless of whether the child or children are emancipated;

(O) Costs incurred or reasonably anticipated to be incurred by the parents in compliance with court-ordered reunification efforts in child abuse, neglect, or dependency cases;

(P) Extraordinary child care costs required for the child or children that exceed the maximum state-wide average cost estimate as described in division (P)(1)(d) of section 3119.05 of the Revised Code, including extraordinary costs associated with caring for a child or children with

specialized physical, psychological, or educational needs;

(Q) Any other relevant factor.

{¶ 11} Hershel does not argue here that any of the above factors apply specifically to Adoption Assistance stipends. Rather, as previously stated, Hershel argues that there should be a downward deviation in his child support obligation because Angela receives all of the Adoption Assistance stipend. However, we agree with the trial court that Adoption Assistance stipends should not be used to justify a deviation from the child support computation schedule. The trial court found that Adoption Assistance payments were analogous to Supplemental Security Income ("SSI") benefits received by a disabled child, which the Ohio Supreme Court has held *do not* qualify as a financial resource of the child pursuant to R.C. 3119.23. *See Paton v. Paton*, 91 Ohio St.3d 94, 98, 742 N.E.2d 619 (2001); *see also Abrams v. Abrams*, 2017-Ohio-4319, 92 N.E.3d 368, ¶ 60 (2d Dist.) (the trial court did not abuse its discretion in applying the holding in *Paton* and in finding that the magistrate did not err in failing to grant [Father] a deviation from the child support worksheet computation as a result of [the daughter's] social security disability benefits).

{¶ 12} In *Paton*, the magistrate treated the social security benefits of a child with a disability as a financial resource of the child and deducted an amount representing the social security benefits from the parents' combined annual support obligation. *Paton* at 94-95. The Supreme Court found that this treatment was inappropriate, explaining: "While we do not dispute that SSI benefits are arguably a financial resource of a recipient, we do not believe that SSI benefits are the type of 'financial resource' that justifies a trial court's decision to deviate from the basic child support schedules." *Id.* at 96. Rather, the supreme court found that "SSI benefits received by a disabled child 'are intended to

supplement other income, not substitute for it.' " *Id.* at 97, quoting *Oatley v. Oatley*, 57 Ohio App.2d 226, 228, 387 N.E.2d 245 (6th Dist.1977).

{¶ 13} Upon review, we agree with the trial court that Adoption Assistance stipends should be treated as analogous to SSI benefits received by a disabled child because the adoption stipends are "for the benefit of the child, and not the parent, as the subsidy is based upon the child's special needs." *CCDJFS v. Miller*, 5th Dist. Coshocton No. 11-CA-8, 2011-Ohio-6356, ¶ 14. As previously stated, the Title IV-E Adoption Assistance Program provides financial support for children, like H.T., who are adopted and have special needs. *Weaver,* 153 Ohio St.3d 331, 2003-Ohio-3827, 794 N.E.3d 92, at ¶ 4. The adoptive parents' incomes are taken into account when the adoption assistance payment is established. Ohio Adm. Code 5101:2-49-05(B). Accordingly, like the receipt of SSI benefits, receipt of the Adoption Assistance stipend does not absolve the parents of the necessity of providing for their child. Therefore, we conclude that the trial court did not abuse its discretion when it found that H.T.'s Adoptive Assistance stipend checks could not be used in lieu of child support and that the stipend checks were not a basis for deviation from the guidelines in computing Hershel's child support obligation.

{¶ 14} Hershel's assignment of error is overruled.

{¶ 15} Hershel's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies sent to:

John S. Pinard
P.J. Conboy, II
Hon. Denise L. Cross